375 P.2d 326

**Arthur A. SULLIVAN, Claimant, Plaintiff-Appellant,**

v.

**RAINBO BAKING COMPANY, Employer, and Royal Globe Insurance Group, Insurer, Defendants-Appellees.**

**No. 7071.**

Supreme Court of New Mexico.

Oct. 17, 1962.

Gore & Nieves, Clovis, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellees.

CARMODY, Justice.

Claimant appeals from the refusal of the trial court to award him workmen's compensation.

Claimant was employed as a janitor, laborer and night watchman, and his hours of work were from 3:00 P.M. until "about midnight." With the knowledge and con-

sent of his employer, claimant ate his evening meal on the job, sometimes on the premises and sometimes at a nearby cafe. There was no deduction in pay for the periods when claimant temporarily left the premises. The custom was for claimant to go to the cafe about 8:15 P.M. for "lunch," to return thereafter with a cup of coffee and to drink the same at about 10:00 o'clock, having kept the coffee warm in an oven on the premises in the meantime. On the night in question, claimant and a co-employee left employer's premises sometime between 6:00 and 8:00 P.M., so the claimant could obtain a cup of coffee and perhaps a sandwich at the cafe across the street. It had been snowing, and as claimant was about to enter the cafe, he slipped on the accumulated ice and snow and fell, striking a curbing and sustaining a fracture of the hip.

The trial court denied compensation, and by reason thereof made no findings with reference to the extent of disability of the claimant, even though he contends that he is totally and permanently disabled.

The case is controlled by and is almost identical with that determined in Whitehurst v. Rainbo Baking Company, (1962), N.M., 374 P.2d 849. In that case, we found that an injury sustained by an employee during a period of personal ministration was compensable as arising out of and in the course of his employment. Actually, this case is, in one sense, even stronger than Whitehurst, because of the knowledge and consent of the employer for the taking of meals and coffee off the premises. In any event, Whitehurst completely disposes of the instant case, and for the reasons set out therein, we are of the opinion that the claimant is entitled to compensation.

Therefore, the judgment will be reversed and remanded to the district court, with direction that it make findings as to the extent of the disability of the claimant, if any, and thereafter enter judgment, including therein (if disability is found and compensation allowed) reasonable attorney's fees for claimant's attorneys, taking into account the services performed by such attorneys, both in the trial court and in this court for the instant appeal. IT IS SO ORDERED.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.