637 P.2d 48

Mary A. GONZALES, Plaintiff-Appellant,

v.

NEW MEXICO STATE HIGHWAY DE-
PARTMENT, Employer, and Mountain
States Mutual Casualty Company, Insur-
er, Defendants-Appellees.

No. 4949.

Court of Appeals of New Mexico.

June 30, 1981.

Certiorari Quashed Dec. 3, 1981.

Tony Lopez, Jr., Friedland, Simon, Lopez, Vigil & Nelson, Taos, for plaintiff-appellant.

James E. Snead, James G. Whitley, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for defendants-appellees.

OPINION

WALTERS, Judge.

Plaintiff Gonzales, arriving at work around 7:45 on an April morning, slipped and fell on ice and snow that had accumulated in the State Highway Department parking lot. As a result of the fall, she suffered a permanent disablement. Her suit for workman's compensation benefits was dismissed, after trial, upon conclusions that her injury did not arise out of nor in the course of employment, nor was it the result of any negligence on the part of the highway department.

The only relief requested by plaintiff in this appeal is a proposal that prior New Mexico decisions, see, e. g., *Romero v. S. S. Kresge*, 95 N.M. 484, 623 P.2d 998 (Ct.App. 1981); *Hayes v. Ampex Corp.*, 85 N.M. 444, 512 P.2d 1280 (Ct.App.1973); *McDonald v. Artesia Gen. Hosp.*, 73 N.M. 188, 386 P.2d 708 (1963), denying workmen's compensation for on-premises injuries occurring while the employee is "on his way to assume the duties of his employment or after leaving such duties," not proximately caused by the employer's negligence (§ 52–1–19, N.M.S.A.1978), be reassessed to the end that compensation be allowed.

We are sympathetic to plaintiff's request because we find the rigidity of the cases deciding against coverage in the instances of on-premises injuries wholly irreconcilable with, for instance, *Sullivan v. Rainbo Baking Co.*, 71 N.M. 9, 375 P.2d 326 (1962), where the employee left work for a mid-shift meal across the street, off his employer's premises, fell as he was about to enter the cafe, and was nevertheless permitted to recover under the Act. In *Whitehurst v. Rainbo Baking Co.*, 70 N.M. 468, 374 P.2d 849 (1962), the court held compensable an injury sustained by the workman when he was struck by a car in the middle of the highway as he was crossing for a coffee break around 9:30 in the morning.

These cases illustrate the "personal comfort" exception that has been engrafted on the "going and coming" provision of § 52–1–19, *supra.* Other cases have recognized a "special mission" exception when the injury occurred before, during, or after "hours" but entirely *off* the employer's premises, if any connection with the employer's business could be found, *Edens v. New Mexico Health & Soc. Serv. Dept.,* 89 N.M. 60, 547 P.2d 65 (1976); or if the employee was not required to observe "fixed hours," *Parr v. New Mexico State Highway Dept.,* 54 N.M. 126, 215 P.2d 602 (1950).

Thus it appears that, as Justice Montoya noted in *Edens, supra,* our courts have striven to apply a liberal construction to the Act. They have consistently resolved reasonable doubts in favor of the employee in all borderline areas but the on-premises injury occurring before the work-day commences or as it ends. There is an unyielding inconsistency in declaring that one injured while walking in or out of an employer's plant, or performing acts preparatory to getting on or off an employer's premises, is any less within the course of employment, at a place where he reasonably may be in the performance of his duties, and engaged in doing something incidental thereto, than those plaintiffs injured off the premises in *Edens, supra; Sullivan, supra; Whitehurst, supra; Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 227 P.2d 365 (1950); or *McKinney v. Dorlac,* 48 N.M. 149, 146 P.2d 867 (1944). One who has arrived upon or is leaving his employer's premises certainly is where his employment requires him to be, and he necessarily is engaged in doing something incidental thereto. *See Edens, supra,* at 89 N.M. 63, 547 P.2d 65.

The present state of the "going and coming" rule in New Mexico permits one meaning to be applied in personal comfort and special mission cases, and prevents that same meaning from being extended to on-premises injuries. Until the issue is reconsidered and overturned by the Supreme Court, however, we are constrained to follow the established precedent. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

The judgment below is affirmed.

LOPEZ, J., concurs.

WOOD, J., specially concurring.

WOOD, Judge (specially concurring).

I agree with the result reached by Judge Walters, and agree that it is incongruous to permit a compensation recovery for off-premises injuries in pursuit of personal comfort and deny compensation recovery when an employee, on the way to or leaving employment, is injured in the employer's doorway. If off-the-premises personal comfort missions are characterized as being "at work", going and coming, while on the employer's premises are also "at work". As stated in *Whitehurst,* supra, 70 N.M. at 474, 374 P.2d 849: "But for his employment the necessity for a coffee break would not have occurred." Similarly, but for the employment, the necessity for going to or coming from the employer's premises would not have occurred.

I do not agree that special mission cases are applicable. In special mission cases, the going and coming rule is simply inapplicable; the employee is "at work" until the special mission is completed, wherever the mission is being performed.

I view *Cuellar v. American Employers' Ins. Co. of Boston, Mass.,* 36 N.M. 141, 9 P.2d 685 (1932), as approaching a premises rule in New Mexico. At 36 N.M. 146, 9 P.2d 685, the majority state:

It is our view that the injury in the case at bar was so connected with the employment of the deceased in point of time, space, and circumstance that although he was not at work and had left his duties, and the negligence of his employer being the proximate cause of the injury, the judgment of the trial court is correct . . . .

Justice Watson, specially concurring, was of the view that if the injury occurs after the worker has left his duties, negligence of the employer, proximately causing the injury, was the *sole* element for compensability. Under the majority view in *Cuellar,* the

time, space, and circumstance rule applies in determining whether the employer is liable, in a going or coming situation, to pay *compensation* rather than common law damages for the employer's negligence. Compare *Mountain States Tel. & Tel. Co. v. Montoya*, 91 N.M. 788, 581 P.2d 1283 (1978).