673 P.2d 1348

**Frank TREMBATH, Plaintiff-Appellant,**

**v.**

**Don RIGGS and Earl Riggs, Jr., his father, and The Truth or Consequences Municipal Schools, Defendants-Appellees.**

**No. 7171.**

Court of Appeals of New Mexico.

Dec. 27, 1983.

Certiorari Denied Feb. 15, 1984.

Glenn B. Neumeyer, Norman E. Todd, Las Cruces, for plaintiff-appellant.

Neil Weinbrenner, Las Cruces, for defendant-appellee Earl Riggs, Jr.

Jerald A. Valentine, Las Cruces, for defendants-appellees Don Riggs and The Truth or Consequences Municipal Schools.

## OPINION

LOPEZ, Judge.

The main issue on this appeal is whether the trial court erred in holding as a matter of law that the Workmen's Compensation Act bars plaintiff-teacher, Frank Trembath, from suing defendant-student, Don Riggs, in common law negligence. The Act does not bar plaintiff's action against either Don Riggs or the other defendants. This case is reversed and remanded. We trace below the confusing facts and procedural history leading to this appeal.

## I. FACTS AND PROCEDURE

On February 16, 1979 defendant-student, the driver of a pick-up, elected or was assigned to run an errand during school hours for his agriculture teacher, Willard Hall. Both Hall and the school principal permitted the student to run the errand. Riggs and two student helpers were to drive Don's father's truck, which he drove to school that day, to Mr. Hall's home, several miles away, to retrieve some pipe for a school project. It was on Don's return trip that he allegedly passed in front of the school, with pipe dangerously protruding from the side of the truck. Plaintiff-teacher, who was enroute to have lunch off the school premises, was standing near the street in front of the school, waiting for Riggs' truck to pass before crossing. The pipe allegedly struck plaintiff as Don drove by, injuring Trembath's right thumb, back and knee.

Plaintiff filed for workmen's compensation, but was informed in person on August 22, and in a letter on December 4, 1979, by the school's insurance carrier that he was ineligible for benefits because he was not in the course of employment as he was leaving the school for lunch when the accident occurred. Rather than file in workmen's compensation, Trembath responded to this denial of benefits by filing suit on May 23, 1980 against Don Riggs, Earl Riggs, Jr. and the Truth or Consequences School (T or C) in tort to recover damages for the personal injuries he sustained in the accident. Count I named Riggs as the primary tortfeasor and his father was named as being derivatively liable under the family purpose doctrine. T or C was also named as a defendant under the first count. Count II was a

claim against T or C under the Tort Claims Act.

Don Riggs and his father cross-claimed against T or C on June 25, 1980, alleging among other matters that Don was acting as an agent and employee of the school when the accident occurred, and that the pipe was being hauled under direction and supervision of the agents and employees of the school system. The school in its answer admitted the veracity of these allegations on July 28, and, on August 22, 1980, the Riggs filed a motion for summary judgment on the cross-claim. On October 15, 1980 the trial court granted the motion and permitted Earl Riggs, Jr. to "have judgment over and against" T or C for any judgment entered against him and in favor of plaintiff. The summary judgment order further determined that T or C was obligated to "pay any judgment together with Court costs and cost of defense which may be rendered against Don Riggs in favor of plaintiff."

Plaintiff moved to dismiss Count II of his complaint on May 21, 1982, because there was insufficient evidence that Don Riggs was a servant and employee of T or C at the time of the accident. This motion was granted, over defendants' objection. The dismissal of Count II had the legal effect of dismissing only the Tort Claims Act issue against T or C. *See* NMSA 1978, Civ.P.R. 54(b)(1) (Repl.Pamp.1980).

On February 23, 1983, two weeks after the trial court's reassertion of jurisdiction over T or C, the court granted defendants' motion for summary judgment and dismissed plaintiff's action under Count I on grounds that Don Riggs was a "special employee" of T or C when the accident occurred; therefore, plaintiff was barred under the Workmen's Compensation Act from suing a "fellow employee" and his employer outside the exclusive remedy provided under the Act. The court later refused plaintiff's request to reconsider its decision. This appeal followed.

The Court of Appeals, on October 5, 1983, granted defendants' motion to supplement the record on appeal to include a portion of the May 21, 1981 pretrial conference in which dismissal of Count II was discussed.

## II. DISCUSSION

### A. Jurisdiction

■ Although the trial court properly retained jurisdiction over plaintiff and Riggs, 21 C.J.S. *Courts* § 83(a), (b), it appears at first blush that the court lost authority over T or C when it granted the May 21, 1982 dismissal of Count II. The dismissal, however, did not effectively dismiss all claims in that pending action against T or C. The court merely dismissed the Tort Claims Act issue against the school. Even though Count I did not explicitly accuse T or C of wrongful conduct, that Count nevertheless named the school as a defendant. The school therefore remains a proper defendant in this action, especially in light of T or C's admission that Don Riggs was acting as its employee or agent.

### B. Workmen's Compensation

Defendants assert that the exclusive remedy provision of New Mexico's Workmen's Compensation Act bars plaintiff from pursuing a remedy outside of the Act. NMSA 1978, § 52–1–8. Whether or not this provision finds application in the present case turns on whether the Act is otherwise here applicable; that is, whether Trembath might have recovered benefits had he pursued a compensation claim. This question requires a consideration of both parties' employment status.

■ As to Don Riggs' employment status, the trial court determined Don to be a "special employee" of T or C. This conclusion finds no support in the record. The case law suggests that a special employee is a "lent" employee, which naturally requires the pre-existence of a lending general employer. *See Barger v. Ford Sales Company, Inc.,* 89 N.M. 25, 546 P.2d 873 (Ct.App.1976). Absent a general employer, special employment cannot arise. *See* 1C Larson's Workmen's Compensation Law § 48.10 at 8–327

(1982). Neither Earl Riggs, Jr., Willard Hall nor the school principal were Don's general employer. Young Riggs was merely a high school student enrolled in Mr. Hall's agriculture course. Because Don had no general employer to lend out his services to the school, T or C could in no way have become Riggs' special employer.

There was, moreover, no "contract of hire" between Riggs and the alleged special employer. Professor Larson aptly points out:

> In compensation law, the spotlight must ... be turned upon the employee, for the first question of all is: Did he make a contract of hire with the special employer? If this question cannot be answered "yes," the investigation is closed, and there is no need to go on into tests of relative control and the like.

*Id.* at 8–319. The record reveals no such contract of hire between Don Riggs and T or C. The word "hire" connotes payment of some kind. It is generally held that a person who undertakes to perform a service and who neither receives nor expects to receive any kind of pay is not an "employee" within the coverage of the Workmen's Compensation Act. *Jelso v. World Balloon Corp.,* 97 N.M. 164, 637 P.2d 846 (Ct.App. 1981). *See also Dibble v. Garcia,* 98 N.M. 21, 644 P.2d 535 (Ct.App.1982); *Beall v. Altus Public School Dist.,* 632 P.2d 400 (Okl. 1981). There is no evidence in this case that either Riggs or his father were, or expected to be, paid or reimbursed for use of the truck; nor was Don's labor in loading and unloading the pipe compensated. Where the material facts in a workmen's compensation issue are undisputed and susceptible of but one logical inference, it becomes a conclusion of law as to whether the status of an employer-employee relationship exists. *Candelaria v. Board of County Commissioners,* 77 N.M. 458, 423 P.2d 982 (1967); *Jelso.* As in *Jelso,* for workmen's compensation purposes Don Riggs occupied the status of a mere volunteer. "A volunteer gives services voluntarily and gratuitously, without any express or implied

promise of remuneration in return, and in general is not entitled to the benefits of workmen's compensation laws." 97 N.M. at 169, 637 P.2d at 851 (citations omitted). Although the school admitted that Don was acting as its agent or employee when the accident occurred, this admission does not by itself bind us or invoke the Workmen's Compensation Act if the Act's statutory definition of a "workman" is not otherwise satisfied. *See* NMSA 1978, § 52–1–16 (Cum.Sup.1983); *Jelso,* 97 N.M. at 168, 637 P.2d at 850.

The non-application of the Act to Don Riggs frees Trembath to sue Don outside of the Act, because the defendant is neither a fellow employee nor an employer.

Trembath's employment status at the time of the accident further supports our conclusion that the Act's exclusive remedy provision does not here bar plaintiff's action. Although plaintiff was an employee of T or C, the accident occurred as he was leaving the school premises for lunch. The Act is clear in its terms that it "shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence." NMSA 1978, § 52–1–19. Plaintiff did not challenge and there was no evidence to contradict the insurance carrier's determination that Trembath was not in the course of employment when the accident occurred. Nor was employer negligence raised by plaintiff or by defendant as an exception to the "going and coming" rule. *See Mountain States Tel. & Tel Co. v. Montoya,* 91 N.M. 788, 581 P.2d 1283 (1978); *Cuellar v. American Employers' Ins. Co. of Boston, Mass.,* 36 N.M. 141, 9 P.2d 685 (1932). Under these circumstances, we see no reason to raise and decide an issue which has no proper place in this tort case. It is clear that because Don Riggs was not an employee of T or C, and because Trembath was, apparently, not in the course of employment when the accident occurred, plaintiff should have legal recourse to test his negligence claim against Don Riggs.

The drafters of the Act could not have intended so harsh a result as would rob a

worker of all legal rights of action. The clock has run on Trembath's compensation claim. Our research revealed no authority suggesting that a party must appeal his insurer's denial of benefits before pursuing alternative remedies to which he is otherwise rightfully entitled. *See generally* 2A Larson's Workmen's Compensation Law § 65.40 (1982).

■ The fact that T or C obligated itself to pay any judgment rendered against the Riggs in favor of Trembath does not alter Don Riggs' status as a stranger—for workmen's compensation purposes—to T or C and Trembath's employment relationship.

■ Finally, *Mountain States Tel. & Tel. Co. v. Montoya* determined that an employer should be spared damage liability *only when compensation has actually been provided in its place.* In other words, "the rights of action for damages should not be deemed taken away [under the exclusive remedy section] except when something of value has been put in their place." 91 N.M. at 791, 581 P.2d at 1286 (quoting 2A Larson's Workmen's Compensation Law § 65.-10 at 12–4 (1976)). Trembath apparently received no compensation benefits to replace his alternative rights of action which would be extinguished if the exclusive remedy provision was applied. Therefore, plaintiff may proceed with his tort claim.

C. Alternative Remedies

The conclusion reached above under the workmen's compensation discussion naturally requires a consideration of the legal theories which the trial court barred. The Tort Claims Act issue is not properly before this Court because, as explained, that issue was dismissed under Count II. It should be noted, however, that the dismissal invokes NMSA 1978, Civ.P.R. 54(b)(1) (Repl.Pamp. 1980), which states that the "decision is subject to revision at anytime before entry of judgment adjudicating all the claims." *See Barnett v. Cal M, Inc.,* 79 N.M. 553, 445 P.2d 974 (1968).

■ The trial court did not apply the summary judgment standards to the common law negligence issue because it erroneously believed plaintiff had no right to pursue that claim. The rules which determine when a trial court may properly grant summary judgment are well-established and need not be recited here. *See First Nat. Bank, Albuq. v. Nor-Am Agr. Products, Inc.,* 88 N.M. 74, 537 P.2d 682 (Ct.App.), *cert. denied,* 88 N.M. 29, 536 P.2d 1085 (1975). Suffice it to say that issues of material fact exist under the negligence issue. There is a question as to whether Don Riggs was negligent. *Ferreira v. Sanchez,* 79 N.M. 768, 449 P.2d 784 (1969); *Flanary v. Transport Trucking Stop,* 78 N.M. 797, 438 P.2d 637 (Ct.App.1968). There also exist factual questions as to whether the family purpose doctrine (i.e., against Earl Riggs, Jr.), *State Farm Mutual Auto. Ins. Co. v. Duran,* 93 N.M. 489, 601 P.2d 722 (Ct.App.), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979); *Pesqueira v. Talbot,* 7 Ariz.App. 476, 441 P.2d 73 (1968), and the doctrine of respondeat superior (i.e., against the school) apply to this case. *McCauley v. Ray,* 80 N.M. 171, 453 P.2d 192 (1968); *Dessauer v. Memorial General Hospital,* 96 N.M. 92, 628 P.2d 337 (Ct.App. 1981).

The record does not reveal that defendant-movants were entitled to summary judgment on these issues. The relevant facts were not sufficiently developed to suggest they were undisputed in favor of defendants. This case should be remanded for a trial to adjudicate whether Don Riggs is liable in negligence, and if he is, whether Earl Riggs, Jr. and T or C are also liable.

To summarize, the trial court's disposition of the Section 52–1–8 issue on exclusivity of remedies is reversed; this case is remanded for trial under plaintiff's Count I on the issues of negligence, the family purpose doctrine, and respondeat superior.

IT IS SO ORDERED.

WALTERS and DONNELLY, JJ., concur.