734 P.2d 743

**Alberta DUPPER, Petitioner,**

v.

**LIBERTY MUTUAL INSURANCE COM-
PANY and J.C. Penney Company,
Inc., Respondents.**

No. 16330.

Supreme Court of New Mexico.

Feb. 3, 1987.

Rehearing Denied March 12, 1987.

Robinson & Wainwright, Paul S. Wain-
wright, Sherrie L. Tepper, Albuquerque,
for petitioner.

Rodey, Dickason, Sloan, Akin & Robb,
Tracy E. McGee, Albuquerque, for respon-
dents.

## OPINION

WALTERS, Justice.

This appeal concerns a claim for worker's compensation by plaintiff Dupper against defendants J.C. Penney Company, Inc., Dupper's employer, and its insurer, Liberty Mutual Insurance Co. Dupper had completed her shift, signed out for the day, and was on her way to the employee parking lot when she tripped over a "pop-up" sprinkler head that had failed to retract after use. Liberty denied compensation for her injury on the ground that the accident occurred after she had left her duties of employment, thereby precluding her from recovery under New Mexico's "going-and-coming" rule which provides:

> [an injury by accident] shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence.

NMSA 1978, § 52-1-19. The trial court ruled that Dupper had failed to establish that her injury was caused by J.C. Penney's negligence, but awarded compensation by purporting to adopt the "premises" rule which allows compensation for "injuries occurring on the premises while [employees having fixed hours and place of work] are going to and from work before or after working hours or at lunchtime." 1 A. Larson, *The Law of Workmen's Compensation* § 15.00 (1985).

Jurisdictions which recognize the premises rule characterize injuries occurring on an employer's premises as "injur[ies] by accident arising out of and in the course of employment." Injuries occurring off the employer's premises, however, are not compensable unless they are covered by one of several exceptions to the "going-and-coming" rule. 1 Larson § 15.00. Deferring to New Mexico case law, the Court of Appeals reversed the trial court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973); *see also Gonzales v. New Mexico State Highway Department*, 97 N.M. 98, 637 P.2d 48 (Ct.App.), *cert. quashed*, 97 N.M. 621, 642 P.2d 607 (1981); *Hayes v. Ampex Corporation*, 85 N.M. 444, 512 P.2d 1280 (Ct.App.

1973). We granted certiorari in this case because we believe that it is time for New Mexico to join every other state in the country in its view of compensability for injuries suffered on an employer's premises.

Of necessity, we must reassess Section 52-1-19, as that statute has been construed in earlier New Mexico decisions, *see, e.g., Trembath v. Riggs*, 100 N.M. 615, 673 P.2d 1348 (Ct.App.1983), *cert. denied*, 101 N.M. 11, 677 P.2d 624 (1984); *Gonzales v. New Mexico State Highway Department; Romero v. S.S. Kresge Co.*, 95 N.M. 484, 623 P.2d 998 (Ct.App.), *cert. denied*, 95 N.M. 593, 624 P.2d 535 (1981); *Hayes v. Ampex Corp.; McDonald v. Artesia General Hospital*, 73 N.M. 188, 386 P.2d 708 (1963); *Caviness v. Driscoll Const. Co.*, 39 N.M. 441, 49 P.2d 251 (1935); *Cuellar v. American Employer's Ins. Co.*, 36 N.M. 141, 9 P.2d 685 (1932), which cases denied compensation for on-premises injuries occurring while the employee is "on his way to assume the duties of his employment or after leaving such duties," not proximately caused by the employer's negligence. NMSA 1978, § 52-1-19.

When worker's compensation was first enacted, New Mexico joined Kansas in statutorily limiting liability under its "going-and-coming" rule to cases based upon employer negligence. 1917 N.M.Laws, ch. 83, § 12(L); 1913 Kan.Laws, ch. 216, § 4. *Cuellar v. American Employer's Ins. Co.* gave this Court its first opportunity to interpret the original statute's identical language in a later codification. NMSA 1929, § 156-112(L). The Court, considering a case where a worker had been injured on his employer's premises, held that unless an employer's negligence was the proximate cause of a worker's injury, a worker "injured while going to or from work is within the rule that he is not in the course of his employment." *Id.* at 145, 9 P.2d at 687. Subsequent decisions have read this case as rejecting the premises rule. *See, e.g., Mountain States Telephone & Telegraph Co. v. Montoya*, 91 N.M. 788, 581 P.2d 1283 (1978); *McDonald v. Artesia General Hospital; but see Gonzales v.*

*New Mexico State Highway Department* (Wood, J., specially concurring).

In *Cuellar*, Judge Watson recognized the problem inherent in interpretation and concurred only in the result, explaining:

> Under the theory of my brethren, the beneficiaries of the act and the courts are left to struggle with the question, so long and often troublesome, whether, under given circumstances, a workman, on his way to assume the duties of his employment, or after leaving such duties, is in the course of employment, and whether the injury then occurring arose out of it. It merely adds a new complication and imposes a new burden upon the workman.

*Cuellar v. American Employer's Ins. Co.,* 36 N.M. at 148, 9 P.2d at 689 (Watson, J., concurring in result); *see also* 1 Larson § 15.44 at 4–116.2. To reach its conclusion, the majority had rejected an alternative reading interpreting the subsection to mean that "if the employer's negligence is the proximate cause of the injury, it shall be deemed to have arisen out of and in the course of the employment, though the workman had left his duties," *id.* at 142, 9 P.2d at 686, even though the Court acknowledged that the clause "seem[ed] to mean that very thing." *Id.* The strained construction was particularly surprising because the Court began its analysis by explicitly noting that "[t]he idea of negligence as an essential to recovery is generally foreign to the theory of workmen's compensation." *Id.* at 143, 9 P.2d at 686, citing *Merrill v. Penasco Lumber Co.,* 27 N.M. 632, 204 P.2d 72 (1922). As Judge Wood noted in his *Gonzales* special concurrence, the *Cuellar* opinion can be read as a decision "approaching a premises rule in New Mexico." *Gonzales,* 97 N.M. at 99, 637 P.2d at 49. We are committed to the view that, as remedial legislation, the Workmen's Compensation Act must be liberally construed, with all doubts resolved in favor of the worker. *See, e.g., Avila v. Pleasuretime Soda, Inc.,* 90 N.M. 707, 568 P.2d 233 (Ct.App.1977); *McKinney v. Dorlac,* 48 N.M. 149, 146 P.2d 867 (1944); *Cuellar v. American Employer's Ins. Co.*

In *Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 227 P.2d 365 (1950), this Court recognized that subdivision (L) of NMSA 1941, Section 57–912 (now, NMSA 1978, Section 52–1–19) was "never intended to deprive a workman of compensation, who at the time of his injury was acting within his contract of employment, if his injury, 'arose out of and was suffered in the course of his employment.'" *Id.* at 108, 227 P.2d 382. More than forty years ago we held that an accident arises in the course of the employment when it occurs within the period of the employment *at a place where the employee reasonably may be in the performance of his duties* and while he is fulfilling those duties *or engaged in doing something incidental thereto. McKinney v. Dorlac,* 48 N.M. at 153, 146 P.2d at 870.

To give effect to this early holding, a number of specific exceptions to the "going-and-coming" rule have been carved out. For instance, a worker injured as he was crossing the highway while on a coffee break was entitled to recover under the "personal comfort" exception. *Whitehurst v. Rainbo Baking Co.,* 70 N.M. 468, 374 P.2d 849 (1962); *see also Sullivan v. Rainbo Baking Co.,* 71 N.M. 9, 375 P.2d 326 (1962), where an employee crossed the street for a meal during his shift, and fell at the door of the cafe. His injury was held to be compensable "as arising out of and in the course of his employment." *Id.* at 10, 375 P.2d at 326. Similarly, a worker may be compensated for injuries suffered while on a "special mission" for her employer outside her normal working hours, *i.e.,* returning home from an agency meeting in another city, *Edens v. New Mexico Health and Social Services Department,* 89 N.M. 60, 547 P.2d 65 (1976); *see also, Clemmer v. Carpenter,* 98 N.M. 302, 648 P.2d 341 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982) (injured while traveling on personal as well as work-related business); *Avila v. Pleasuretime Soda, Inc.* (employee making bank deposit on way home after work was on "special errand"). Similarly, an employee required to drive a city vehicle to and from work and to remain on call at all times was within his

"course of employment" while driving home, even though he had spent two and one-half hours after work socializing and drinking in a bar before beginning his homeward trip. *Salazar v. City of Santa Fe*, 102 N.M. 172, 692 P.2d 1321 (Ct.App.), *cert. quashed*, 102 N.M. 225, 693 P.2d 591 (1985). Thus, except for those cases alleging accidental injuries on an employer's premises, there has been a consistent pattern of rejecting a narrow reading of NMSA 1978, Section 52–1–19 (and its forerunners), in order to allow workers to recover.

As was said in *Gonzales* at 97 N.M. at 99, 637 P.2d at 49, "[o]ne who has arrived upon or is leaving his employer's premises certainly is where his employment requires him to be, and he necessarily is [as] engaged in doing something incidental thereto" as any of the above-excepted cases. The obvious incongruity led the Court of Appeals there to urge the adoption of the premises exception. *See also Hayes v. Ampex Corporation*, (Sutin, J., specially concurring). Despite such urgings, New Mexico has remained the only jurisdiction that heretofore has refused to recognize that an injury occurring on the premises is one occurring within the employee's course of employment. 1 Larson § 15.11.

■ Today the issue is once more squarely before this Court, and we take this opportunity to redeem New Mexico from its orphan status and extend the "course of employment" meaning, first adopted in *McKinney v. Dorlac*, to the instant case. We hold that a workman, while on the employer's premises coming to or going from the actual workplace is in a place where the employee is reasonably expected to be, and that he is engaged in a necessary incident of employment. *Federal Insurance Co. v. Coram*, 95 Ga.App. 622, 98 S.E.2d 214 (1957). Further, as guidance and in hopes of avoiding future litigation, we define "premises" to include parking lots intended for employees or customers, whether "within the main company premises or separated from it." 1 Larson § 15.42(a) at 4–98 (citations omitted). In aligning ourselves with every other juris-

diction by adoption of the premises rule, we simply recognize that the "course of employment" includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the employer's premises while passing to or from the place where the work is actually done. *See, e.g., Brown v. Reed*, 209 Va. 562, 165 S.E.2d 394 (1969); *U.S. Casualty Co. v. Russell*, 98 Ga.App. 181, 105 S.E.2d 378 (1958).

■ We join respectable company in forsaking a "going-and-coming" rule that does not recognize a premises exception. In 1973, the Arizona Supreme Court overruled its own very narrow premises exception in favor of the broader and more generally accepted view. Under its old rulings, an injury occurring before or after work on the employer's premises was not compensable unless the employee had been exposed to "some special risk or danger upon the premises." *McCampbell v. Benevolent & Protective Order of Elks*, 71 Ariz. 244, 254, 226 P.2d 147, 153 (1950). Twenty-three years later the Arizona court held:

> [W]hen an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be.

*Pauley v. Industrial Commission*, 109 Ariz. 298, 302, 508 P.2d 1160, 1164 (1973). We adopt the *Pauley* holding as the rule in New Mexico hereafter.

■ The rationale in *Pauley* was that compensation for industrial accidents is not dependent upon the presence of some special risk or danger. *Id.* at 301, 508 P.2d at 1163. Under similar reasoning, compensation for an accident occurring in a work-related setting should not depend on proof of employer negligence. *See Taylor v. Delgarno Transportation Inc.*, 100 N.M. 138, 139, 667 P.2d 445, 446 (1983).

The need to prove negligence arises under Section 52–1–19 if, and only if, the employee's injury is sustained while going

to or coming from work, *and* the injury does not fall within the premises rule or any of the generally recognized exceptions to the "going-and-coming" rule. Thus construed, Section 52–1–19 preserves coverage for injuries that are clearly work-related, but otherwise protects the employer from liability for employee injuries not caused by employer negligence while the employee is otherwise on the way to or from work away from the employer's premises. *See Galles Chevrolet Co. v. Chaney,* 92 N.M. 618, 593 P.2d 59 (1979).

Since we adopt a premises rule which allows compensation under the Workmen's Compensation Act in proper circumstances, it is unnecessary to respond to Dupper's claim of error in the trial court's refusal to find the employer negligent.

We agree with defendants and the Court of Appeals that this case cannot be distinguished from prior case law; accordingly, to the extent we adopt the premises rule, cases to the contrary are overruled.

Judgment of the lower court is AFFIRMED.

SCARBOROUGH, C.J., SOSA, Senior Justice, and RANSOM, J., concurs.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent. Section 52–1–19 of the New Mexico Workmen's Compensation Act is clear and unambiguous. In pertinent part it states:

> As used in the Workmen's Compensation Act * * * "injury by accident arising out of and in the course of employment" * * * *shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties,* the proximate cause of which is not the employer's negligence.

NMSA 1978, § 52–1–19 (Cum.Supp.1986) (emphasis added).

The district court specifically found that plaintiff-employee, Dupper, (Dupper) had not established that her injury was due to any negligence on the part of defendant-employer, J.C. Penney Company, Inc. (Pen-

ney). This finding is supported by substantial evidence.

The record indicates that Dupper left the sidewalk provided for by Penney for ingress and egress to the premise, that Penney routinely inspected the "pop-up" sprinkler system, and that Penney employed a groundkeeper who was on site five days a week. Additionally, there was no evidence that the sprinkler was defective prior to the incident with Dupper or that the malfunction resulted from a prior condition which Penney failed to properly repair. Obviously this evidence falls far short of establishing negligence as a matter of law.

Pursuant to the clear language of Section 52–1–19, New Mexico has consistently disallowed recovery in cases where employees have been coming or going from their employment. *See, e.g., McDonald v. Artesia Gen. Hosp.,* 73 N.M. 188, 386 P.2d 708 (1963); *Romero v. S.S. Kresge Co.,* 95 N.M. 484, 623 P.2d 998 (Ct.App.), *cert. denied,* 95 N.M. 593, 624 P.2d 535 (1981); *Hayes v. Ampex Corp.,* 85 N.M. 444, 512 P.2d 1280 (Ct.App.1973). Since Dupper failed to prove that her injuries were proximately caused by Penney's negligence, and since it is uncontradicted that Dupper's injuries occurred after she left the duties of her employment with Penney, she is not protected by the New Mexico Workmen's Compensation Act. The language of the statute is clear. There is no room for interpretation.

> The first rule of statutory construction is that the courts must ascertain and give effect to the Legislature's intentions. Legislative intent is to be determined primarily from the language used in the statute as a whole. When the words used are free from ambiguity and doubt, no other means of interpretation should be resorted to.

*State v. Sinyard,* 100 N.M. 694, 696, 675 P.2d 426, 428 (Ct.App.1983), *cert. denied,* 100 N.M. 689, 675 P.2d 421 (1984).

A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and

**508**

complications which might arise in the course of its administration * * * * Courts must take the act as they find it and construe it according to the plain meaning of the language employed. If the act is to be given a different effect, in this respect, it must be by an act of the Legislature.

*Burch v. Foy,* 62 N.M. 219, 223, 308 P.2d 199, 203 (1957).

These principles of statutory construction were reaffirmed in the case of *Perea v. Baca,* 94 N.M. 624, 614 P.2d 541 (1980), wherein the Court stated: "[i]f a change in the statute is necessary or proper, that is a task for the Legislature." *Id.* at 627, 614 P.2d at 544. In the case of *Taylor v. Delgarno Transp., Inc.,* 100 N.M. 138, 667 P.2d 445 (1983), this Court explained: "New Mexico's Workmen's Compensation statutes are to be construed liberally in favor of the workman. However, provisions of the Act may not be disregarded in the name of a liberal construction." *Id.* at 141, 667 P.2d at 448 (citations omitted). *See also Varos v. Union Oil Co.,* 101 N.M. 713, 688 P.2d 31 (Ct.App.1984).

No degree of statutory interpretation, no matter how liberal, can alter the language of Section 52–1–19 which prohibits workmen's compensation recovery for employees coming or going from their employment, unless the injuries were proximately caused by the employer's negligence. Interpreting Section 52–1–19 to include a "parking lot" exception is neither warranted nor justified. Until such time as this Court holds Section 52–1–19 of the Workmen's Compensation Act unconstitutional, it is the law of the state of New Mexico and should apply to the facts of this case.

For the above reasons, I dissent.