807 P.2d 740

**Robert EVANS, Petitioner,**

v.

**VALLEY DIESEL and Mountain States Casualty Company, Respondents.**

**No. 19645.**

Supreme Court of New Mexico.

March 13, 1991.

---

Hanratty Law Firm, Kevin J. Hanratty, Fisk & Vandiver, John Fisk, Artesia, for petitioner.

Atwood, Malone, Mann & Turner, Freddie J. Romero, Roswell, for respondents.

## OPINION

SOSA, Chief Justice.

Petitioner, Robert Evans, pursuant to our grant of his petition for writ of certiorari, seeks reversal of the court of appeals' decision reversing the workers' compensation judge's (WCJ's) disposition awarding benefits to Evans. We agree with Evans and thus reverse the court of appeals. *See Valley Diesel and Mountain States Mutual Casualty Co. v. Evans*, No. 11,558 (Ct. App., Dec. 18, 1990) (Chavez, J., dissenting).

We cite pertinent portions of the court of appeals' majority opinion, followed by pertinent portions of Judge Chavez' dissenting opinion.

Worker, an automotive mechanic, owned a vehicle, known as a "mudbogger," which he used for personal, recreational activities. Employer had been permitting worker to store the vehicle inside employer's garage during non-work hours and to work on the mudbogger during slack time and after work. Worker was paid on an hourly basis and was not paid for the work he did on the mudbogger. On September 18, 1987, after the work day was over, worker attempted to start the mudbogger and the battery blew up, injuring his eyes. While worker was not the only person on the premises at the time of the accident, there was evidence presented to the effect that, as he chose to remain after the work day had ended, he was responsible for closing and locking the doors through which he planned to drive the mudbogger.

The WCJ found that worker was injured as he was moving his vehicle so that employer's premises could be secured for the evening, that the risk of the accident was incident to worker's employment, and that the accident was in the course of his employment. Employer has challenged not only the correctness of the decision but also the sufficiency of the evidence. Accordingly, we are called upon to review the evidence under the whole record standard of review. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 [ (Ct.App.), *cert. denied*, 109 N.M. 33, 781 P.2d 305 (1988).] We then determine the correct application of the law to the facts in this case.

The WCJ found that worker was moving his vehicle so that employer's premises could be secured. After viewing the record as a whole, we conclude that the evidence does not support this finding. There was no evidence that employer required the mudbogger to be inside when the doors were locked or that having it inside served his interests. His premises would have been secure if the mudbogger had been left outside or put on a

trailer and taken back to worker's residence. Worker wanted to move the mudbogger for his own purposes—to protect it from the elements, vandalism, and theft.

The WCJ also determined that workers' accident occurred in the "course of" employment. We disagree.

. . . .

[Then follows Judge Chavez' dissenting opinion]

The WCJ found that when employee was injured, he was moving his vehicle so that employer's premises could be secured, and that the injury was incident to and in the course of his employment. Utilizing the whole record standard of review, *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 [ (Ct.App.), *cert. denied*, 109 N.M. 33, 781 P.2d 305 (1988) ], there was sufficient evidence to support the WCJ. The test applied on appeal is whether there is substantial evidence to support the judgment of the fact finder, not whether there is evidence to support an alternative result. *Sanchez v. Wohl Shoe Co.*, 108 N.M. 276, 771 P.2d 984 (Ct.App. 1989).

The majority states that the record does not support this finding, because there was no evidence that employer required the mudbogger to be inside when the doors were locked or that having it inside served his interests. The record discloses it was the established practice that employee would move the mudbogger into the building before securing the premises. Employer told employee to lock the doors when employee left the premises. Employee testified that the last order he received was to lock the shop. Employer testified that he "could have asked Robert to lock up." There is no question that employer was well aware that employee would move the mudbogger into the shop before he secured the building. This action was consistent with what employee had to do in fulfilling his duties, and is supportive of the WCJ's finding that employee was moving his vehicle so that employer's premises could be secured for the eve-

ning. Employee's accident was incident to and in the course of his employment.

There was sufficient evidence to find that employer benefitted from employee being able to work on the mudbogger while on the premises and while using company tools. Employee testified that he used many of the same tools on his mudbogger as he did when he performed service on customer vehicles and that he sharpened his skills in doing so. Allowing employee to work on the mudbogger benefitted employer by providing him with a more skillful mechanic. In addition, employer benefitted by being able to retain employee under the circumstances. Previously, employee had been guaranteed a forty-hour wage per week. Later, that was changed so that he was paid only when there was work. The WCJ could have found it to employer's benefit to allow employee to work on his personal vehicle while waiting for jobs in order to retain him in employer's business. Employer admitted that employee liked working at Valley Diesel, because he was able to work on his own vehicle. Also, employee testified that it was "part of the benefits of the job" to be able to work on the mudbogger. In accordance with *Smith v. City of Albuquerque*, 105 N.M. 125, 729 P.2d 1379 (Ct.App.1986) (dual purposes), the trial court could have found that it was in employer's interest to have employee work on his own vehicle, because that would keep him working on an as-billed basis.

*Valley Diesel and Mountain States Mutual Casualty Co. v. Evans*, No. 11,558 (Ct. App., December 18, 1990) at 1–2, (Chavez, J., dissenting) at 1–2.

Our disagreement with the court of appeals' majority opinion lies in how it applies the whole record review standard set out in *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.), *cert. denied*, 109 N.M. 33, 781 P.2d 305 (1988). In applying that standard of review, the court of appeals' opinion conflicts with our holding on whole record review as set forth in *National Council on Compensation Insurance v. New Mexico State Corp.*

*Comm'n.*, 107 N.M. 278, 282, 756 P.2d 558, 562 (1988). As stated in *Tallman*, "*National Council* ... makes clear the supreme court did intend a favorable light view of the agency's decision." 108 N.M. at 129, 767 P.2d at 368. The court of appeals in *Tallman* continued:

> The reviewing court starts out with the perception that all evidence, favorable and unfavorable, will be viewed in the light most favorable to the agency's decision. This would, however, not preclude the court from setting aside the agency decision when it cannot conscientiously say that the evidence supporting the decision is substantial, when viewed in the light that the whole record furnishes.
>
> ....
>
> ... Based on our discussion and our understanding of the whole record review standard as adopted in [*Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*, 101 N.M. 291, 681 P.2d 717 (1984)], the reviewing court ordinarily should not make independent findings except in the limited circumstances noted [such as when the trial court's findings are contrary to undisputed evidence in the record or when the evidence is documentary or by way of deposition].

*Id.*, 108 N.M. at 129–30, 767 P.2d at 368–69.

Here, we can conscientiously say that the evidence supporting the WCJ's disposition is substantial, when viewed in the light that the whole record furnishes. Further, there are no "limited circumstances" here that called for the court of appeals, in effect, to make findings independent from those entered by the WCJ. For example, as noted above at page one of the majority opinion, the WCJ found that " 'worker was injured as he was moving his vehicle so that employer's premises could be secured for the evening....'" The majority of the court of appeals disagreed, but in doing so, we hold, the majority erroneously applied the applicable standard of review. The majority, in our judgment, went beyond the admittedly sometimes fine line between reviewing the WCJ's disposition and rewriting that disposition. While it is a close call, we conclude that the majority went too far,

by making its whole record review a refinding of the facts; it reconsidered the evidence without giving the particular deference to the WCJ's findings that is called for by our opinion in *National Council*.

We further disagree with the court of appeals' construction of the whole record to mean that Evans was not injured during the course of his employment. The court of appeals construed the record to mean that Evans was on his employer's premises "for the sole purpose of working on his personal vehicle." *Valley Diesel and Mountain States Mutual Casualty Co. v. Evans* at 2. That is one construction to be given to the evidence, but the WCJ gave the evidence another construction—namely—that Evans was supposed to lock up for the night. While Evans could have attended to this chore without having pushed or driven his mudbogger into the shop, nonetheless he didn't leave it outside, but, as usual, tried to move it inside the shop. The employer was sufficiently apprised of Evan's custom of pushing or driving the vehicle inside before locking up to understand that the two actions went together, and thus there was substantial evidence to sustain the WCJ's conclusion that the two actions ordinarily took place together, that is, "in the course of employment."

The facts in *Dupper v. Liberty Mut. Ins. Co.*, 105 N.M. 503, 734 P.2d 743 (1987) (worker tripping over sprinkler head in parking lot on her way home for the day) are parallel to the facts before us. Thus we conclude, as we did in that case, that Evans was "in a place where the employee [was] reasonably expected to be, and that he [was] engaged in a necessary incident of employment." *Id.* at 506, 734 P.2d at 746. Further, applying the holding of *Kloer v. Municipality of Las Vegas*, 106 N.M. 594, 596, 746 P.2d 1126, 1128 (Ct.App.1987), the employer here, as the WCJ found and as Judge Chavez noted, derived sufficient "intangible value[s]" from having Evans work on his mudbogger at the locale of his employment to justify the WCJ's finding that the injury "arose out of" Evan's employment. *See* NMSA 1978, § 52-1-28 (Repl. Pamp.1987).

Accordingly, the court of appeals is reversed and the WCJ's disposition is reinstated in its entirety.

RANSOM and FRANCHINI, JJ., concur.