

FILED
May 28, 2021
08:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Tina Rowe | ) | Docket No.     2020-06-0646 |
| | ) | |
| v. | ) | State File No.   1472-2020 |
| | ) | |
| Mitsubishi Motors North America, | ) | |
| Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed and Remanded**

---

In this interlocutory appeal, the employer asserts the trial court erred in denying its motion for summary judgment. Because we conclude there were genuine issues of material fact as to the cause of the employee's accident and its relation to the employment, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Gregory H. Fuller, Knoxville, Tennessee, for the employer-appellant, Mitsubishi Motors North America, Inc.

Kathleen Lewis, Nashville, Tennessee, for the employee-appellee, Tina Rowe

**Factual and Procedural Background**

Tina Rowe ("Employee") worked as a database administrator for Mitsubishi Motors North America, Inc. ("Employer"). On January 2, 2020, Employee left the building in which she was working to retrieve a headset from her automobile for use in a work-related call. Her car was parked in an outdoor parking area adjacent to the building, and it was raining at the time of the incident. When Employee arrived at her car, she realized she did not have her car keys and turned back toward the building in which she worked, at which time she tripped and fell. Employee reported experiencing

1

pain in her left shoulder and arm as a result of the fall.[1]  She reported the accident to Employer and requested workers' compensation benefits.

Eleven days after the accident, Employer's representative issued a Notice of Denial indicating Employee's accident did not arise primarily out of or within the course and scope of her employment.  Employer further asserted Employee's fall was idiopathic in nature.  These defenses were reiterated in the dispute certification notice issued approximately one year later.

Thereafter, Employer filed a motion for summary judgment and a statement of allegedly undisputed facts, which included the statement that Employee "does not know what caused the fall."  In its brief in support of the motion for summary judgment, Employer argued Employee's fall was "merely contemporaneous and coincidental to her employment."  Moreover, Employer asserted the fall should be deemed idiopathic in nature and not compensable because there was no hazard incident to the employment that caused or contributed to the accident.  Employer also noted that it did not own or maintain the building in which Employee worked or the parking lot where she fell and, although it offered employees two parking options, it did not compel Employee to park where she did.[2]  Finally, Employer argued that the Tennessee Supreme Court's opinion in *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn. 1989), which discussed compensability issues in "parking lot" cases, is inapplicable because the Supreme Court relied on a statutory provision mandating a remedial interpretation of workers' compensation statutes that is no longer in effect.

In response, Employee argued her fall was not idiopathic and was caused by one or more conditions including the rain, the uneven nature of the parking lot, and the spaces that existed between pavers in the parking lot.  She further asserted that the ownership and/or maintenance of the property is irrelevant in analyzing whether the fall arose primarily out of the employment.

The trial court concluded there were genuine issues of material fact in dispute and denied Employer's motion.  Employer has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  The grant or denial of a motion for summary judgment likewise is a question of

---

[1] The extent and nature of Employee's alleged injuries and medical care are not at issue in this appeal.

[2] At the time of this accident, Employer was leasing space in a building owned and maintained by a third party.

2

law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

As provided in Tennessee Rule of Civil Procedure 56, a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden of production is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye*, 477 S.W.3d at 265.

Furthermore, "[a] fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at *14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 Tenn. App. LEXIS 5, at *15 (quoting *Byrd*, 847 S.W.2d at 215).

Here, the critical issue is whether the accident that caused Employee's injuries arose primarily out of and in the course and scope of the employment. *See* Tenn. Code Ann. § 50-6-102(14). To be entitled to summary judgment, Employer had the burden of coming forward with sufficient evidence as contemplated in Rule 56.04 to either negate an essential element of Employee's claim or show that Employee's proof was insufficient as a matter of law. *Rye,* 477 S.W.3d at 265. We conclude Employer did neither.

First, it is undisputed that this accident occurred during work hours when Employee was attempting to retrieve a headset from her car for a work-related purpose. It is undisputed that Employee had parked her car outside the building where she was working and in one of the areas Employer had advised Employee she could park. It is undisputed that it was raining at the time she was attempting to retrieve the headset from

3

her car. What is in dispute is the cause of Employee's fall. Employer's evidence submitted with its motion for summary judgment did not negate this element of Employee's claim but suggested, as a legal conclusion, that Employee cannot prove the cause of her fall. Employee disputes this assertion and argues the evidence supports a conclusion that her fall was caused by conditions in the parking lot. To resolve the issue of causation, the trial court would be required to compare the proof presented regarding the cause of Employee's fall, weigh factual testimony, and determine witness credibility, none of which is appropriate at the summary judgment stage. *Berry v. Consolidated Sys., Inc.*, 804 S.W.2d 445, 445 (Tenn. 1991) ("summary judgment is inappropriate where there is a dispute as to the facts, or where there is uncertainty as to whether there may be such a dispute").

Second, Employer argues that precedent from the Tennessee Supreme Court addressing compensability in parking lot cases is inapposite because, in those cases, the Supreme Court relied on a remedial interpretation of Tennessee's Workers' Compensation Law that was repealed by the 2013 Workers' Compensation Reform Act. Specifically, in *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn. 1989), the Court considered whether the trial court had erred in granting the employer's motion for summary judgment in a factual scenario similar to the present case. In *Lollar*, the employer had instructed its employees to park in an adjacent parking lot that was "unrestricted and open to the general public." *Id.* at 143. As the employee was walking across the icy parking lot toward her car, she slipped and fell, resulting in a fractured ankle. *Id.* at 144.

The Court in *Lollar* reviewed in detail prior case law addressing the compensability of injuries occurring in parking lots both in Tennessee and in other jurisdictions. The Court noted that Tennessee's workers' compensation statutes are to be liberally construed in favor of the employee. *Id.* at 149. However, the Court specifically commented that the primary cause of previously inconsistent results was not the liberal construction rule but the standard of review known as the "material evidence rule," which required a reviewing court to affirm the result below if there was any material evidence to support the factual conclusions reached by the trial court. *Id.* The Court noted that when applying the newer standard of review, which required an appellate court to review the trial court's factual findings de novo with a presumption of correctness unless the preponderance of the evidence is otherwise, the appellate court must "weigh in more depth [the] factual findings and conclusions of trial judges in workers' compensation cases." *Id.* (quoting *Humphrey v. Witherspoon*, 734 S.W.2d 315, 315 (Tenn. 1987)).[3] In crafting a new rule for parking lot cases in Tennessee, the Court explained as follows:

---

[3] The material evidence rule was removed from Tennessee Code Annotated section 50-6-225(e) (1984) and replaced by the new standard of review in 1985. *See* 1985 Tenn. Pub. Acts ch. 393.

4

[I]f the employer has provided a parking area for its employees, that parking area is part of the employer's premises regardless of whether the lot is also available to customers or the general public. . . . "[T]he 'course of employment' includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the employer's premises while passing to or from the place where the work is actually done."

*Id.* at 150 (quoting *Dupper v. Liberty Mutual Ins. Co.*, 734 P.2d 743 (N.M. 1987)). As a result of adopting this new rule, the Court reversed the trial court's grant of summary judgment in favor of the employer and remanded the case. *Id.*

We find nothing in *Lollar* to indicate this new rule regarding parking lot injuries relied on the remedial interpretation provision of Tennessee's Workers' Compensation Law. Moreover, contrary to Employer's assertion that the rule as adopted in *Lollar* should not be applied in post-reform cases, we note the Supreme Court's Special Workers' Compensation Appeals Panel cited the *Lollar* rule with approval as recently as 2017 in a post-reform case. In *Duck v. Cox Oil Co.*, No. W2016-02261-SC-WCM-WC, 2017 Tenn. LEXIS 734 (Tenn. Workers' Comp. Panel Nov. 21, 2017), the employee had indicated to her employer she was quitting her job and was injured when she slipped and fell on her way out of the establishment. *Id.* at *3. In concluding that the employee's injury occurred in the course of her employment, the Appeals Panel cited *Lollar* and noted that the Supreme Court had "aligned with the majority rule in holding that 'a worker who is on the employer's premises coming to or going from the actual work place is acting in the course of employment.'" *Id.* at *10. The Appeals Panel also noted that the United States Supreme Court had spoken to this issue:

[E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee is injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, *or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises*, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

*Id.* at *11-12 (quoting *Bountiful Brock Co. v. Giles*, 276 U.S. 154, 158 (1928)) (emphasis added). Consequently, we reject Employer's assertion that the rule outlined by the Tennessee Supreme Court in *Lollar* is no longer good law in Tennessee.

Finally, Employer argues that, even if Employee's fall was caused by the rain, the uneven nature of the parking lot, and/or the spaces between the pavers in the parking lot,

5

there can be no causal connection to the employment as a matter of law because Employer did not own or maintain the parking lot in question. In this regard, Employer conflates the tenets underlying Tennessee's workers' compensation law with those pertaining to premises liability law.

We addressed a similar issue in *Navyac v. Universal Health Services*, No. 2015-06-0677, 2016 TN Wrk. Comp. App. Bd. LEXIS 17 (Tenn. Workers' Comp. App. Bd. Mar. 31, 2016). In that case, the employee was traveling from her workplace to a customer's location when she stopped at a fast-food restaurant. As she was exiting the restroom to return to her car, she slipped on a wet floor and fell. *Id.* at *2. In rejecting the employer's argument that this accident did not arise primarily out of the employment, we noted that the Tennessee Supreme Court had discussed two different concepts of causation:

> In *Tapp v. Tapp*, 236 S.W.2d 977 (Tenn. 1951), the employee was involved in a motor vehicle accident that occurred in the course of employment. The disputed issue was whether the accident arose out of employment. In discussing the "arising out of" requirement, the Supreme Court explained, "[i]t cannot be denied that the burden rests upon the employee to show a causal connection between his injury and his employment. But by 'causal connection' is meant not proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work."

*Id.* at *14-15 (internal citations omitted). Thus, although the employee's injury in *Navyac* did not occur on the employer's premises, we held that the employee was likely to prove it occurred in the course and scope of her employment and that it arose primarily out of her employment because the wet floor was a hazard to which the employment had exposed the employee while she was engaged in a work-related task. *Id.* at *17.

Here, there are disputed issues of material fact pertinent to the trial court's compensability determination. The trial court will be required to determine whether Employee's accident "had its origin in the hazards to which the employment exposed the employee while doing [her] work." The weather conditions, the condition of the parking lot, the reason for Employee's trip to her car, the parking arrangement as discussed by Employee and Employer's representatives, and the ultimate cause of the accident are all facts that may impact the trial court's decision. Moreover, in accordance with the Supreme Court's test as originally set forth in *Lollar*, the trial court must further determine whether Employee remained in the course and scope of her employment when she left the building to walk to her car. Thus, we conclude that Employer did not come forward with sufficient evidence to either negate an essential element of Employee's claim or establish that Employee's evidence was insufficient as a matter of law at this stage of the case.

6

## Conclusion

For the foregoing reasons, we affirm the trial court's order denying Employer's motion for summary judgment and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Tina Rowe )    Docket No.  2020-06-0646
                                               )
v. )    State File No.  1472-2020
                                               )
Mitsubishi Motors North America, )
Inc., et al. )
                                               )
                                               )
Appeal from the Court of Workers' )
Compensation Claims )
Joshua D. Baker, Judge )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of May, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kathleen Lewis Hannah Epp | | | | X | klewis@forthepeople.com hepp@forthepeople.com |
| Gregory H. Fuller Tanner Yancy | | | | X | ghfuller@mijs.com twyancy@mijs.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov