TERESA TIRALONGO *vs.* THE STANLEY WORKS ET AL.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An injury to an employee cannot be said to result from a risk involved in, or incident to, the employment, or to the conditions under which he is required to work, and, therefore, cannot be said to "arise out of the employment," unless there is apparent some causal connection between the employment, or the conditions under which it is required to be performed, and the injury.

The subordinate facts in the present case led inevitably to the conclusion that the burns which resulted in the death of the plaintiff's husband were caused by his own act in lighting a cigarette, while dressed in oil-soaked clothing, in the toilet-room of the defendant's factory, where smoking during working hours was forbidden. *Held* that the injury did not arise out of the employment.

Argued March 2d—decided April 8th, 1926.

APPEAL by the plaintiff from a finding and award of the Compensation Commissioner for the first district in favor of the defendants, taken to the Superior Court in Hartford County and tried to the court, *Simpson, J.;* judgment rendered dismissing the appeal and confirming the award, from which the plaintiff appealed. *No error.*

*Frederic W. Dauch,* for the appellant (plaintiff).

*Edward J. Myers,* for the appellees (defendants).

WHEELER, C. J. The claimant's decedent was in the employ of the defendant, the Stanley Works, as a helper on a flat machine; it was an oily job and the decedent used a burlap bag to protect his clothing from oil. On the morning of January 30th, 1925, decedent left his work to go to the toilet-room. When he came out of the toilet-room his clothing was seen to be on fire. His foreman, from a point a short distance away, noticed decedent's clothes on fire and yelled to him to stop. Thereupon decedent rushed wildly through the factory and when stopped, it was found the fire had caused him severe burns and as a result of these and the shock he died on that evening. The finding does not state the origin of the fire. When the decedent's clothes were first seen on fire he was fully dressed and had a burlap bag tied around his waist as an apron. As the decedent was rushing through the factory he was seen to remove a lighted cigarette from his mouth, crush it and throw it on the floor. His duties did not require him to use fire, and no flame or fire was anywhere about the toilet or the room where he worked. Employees of this factory were permitted to smoke in the lavatory during the noon hour. The rules of the factory forbid smoking during working hours, and no-

tices were posted in the lavatory and toilets of the plant reading "No Smoking."

The commissioner concluded: (1) that the injuries sustained by the decedent did not arise out of his employment, (2) that the decedent was not guilty of serious and wilful misconduct in smoking in the toilet. The trial court dismissed the appeal. That the injury to decedent arose in the course of his employment is not a contestable issue. The sole question for our decision is whether the court erred in holding that the decedent's injuries did not arise out of his employment. Whether an injury arises out of the employment is to be determined by the application to the facts of the rule as stated in *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." Again, in *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 49, 115 Atl. 677, we say: "The injury is the result of a risk involved in or connected with the employment, when there is present in the circumstances of the accident some causal connection between the employment, or the conditions under which it is required to be performed, and the injury." See also *Harivel* v. *Hall-*

*Thompson Co.,* 98 Conn. 753, 757, 758, 120 Atl. 603.

There is in the facts found no causal connection between the injury and the employment, or the conditions under which it was required to be performed. Neither the employment nor the conditions incident to it had any connection with the setting on fire of decedent's clothing. The origin of the fire is not found, as we think it might well have been. The absence of fire or any means of setting the clothing of decedent on fire, and the fact that the decedent was smoking in the toilet-room, make the conclusion from the facts found inevitable that it originated from his own act in smoking in the toilet. It was the decedent's own act which caused his injuries. His act in lighting his cigarette was done for his exclusive enjoyment. An injury so arising cannot be said to arise out of an employment. It was not a risk in the employment or incident to it, or to the conditions under which it was required to be performed and arising through decedent's negligence.

There is no error.

In this opinion the other judges concurred.