GUENTHER, Respondent, vs. INDUSTRIAL COMMISSION, Defendant: MOTOR TRANSPORT COMPANY and another, Appellants.

*May 12—June 6, 1939.*

For the appellants there were briefs by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

*Judson W. Staplekamp* of Kenosha, for the respondent.

FOWLER, J. The plaintiff made application to the Industrial Commission for compensation under the Workmen's Compensation Act. His employer, Motor Transport Company and its insurer denied liability, on the ground that the plaintiff when injured was not "performing service growing out of and incidental to his employment," which sec. 102.03

(1) (c), Stats., prescribes as essential to constitute liability under the act. Hearing was had before an examiner who, after reciting the evidentiary facts, as to which there is no dispute, found as ultimate fact that the plaintiff's injuries were sustained while he was not performing service as above stated, and entered an order dismissing the application. On appeal to the commission it sustained the dismissal. The applicant thereupon brought action to review the award. The circuit court was of the view that, the evidentiary facts being entirely without dispute, whether the plaintiff was performing service growing out of and incidental to his employment was a question of law, and held that he was performing such service when injured, and entered judgment reversing the order of dismissal and directing an award.

The evidentiary facts are stated by the examiner as follows:

"That applicant was a truck driver making deliveries of package freight; that on September 28, 1937, he made a delivery of a parcel of freight at the place of business of the Lake Shore Auto Wreckers in Waukegan, Illinois, leaving his truck parked on the driveway in front of the warehouse about fifteen feet from the front of the building; that having made the delivery and gotten a receipt therefor, he started back to his truck and upon coming out of the warehouse door he noticed a boat resting on blocks to the left of the driveway; that applicant had always been interested in boats and out of his personal curiosity he walked over to inspect the boat, a distance of about twenty feet, and while looking over the side of the same, his attention was called to a dog which was coming toward him from the rear. The dog was chained, but applicant being uncertain as to the length of the chain, began a hurried retreat and in so doing he fell over one of the timbers upon which the boat was resting causing a fracture of the right leg, for which injury compensation is sought."

The circuit judge stated in an opinion filed that the attorney general in upholding the ruling of the commission relied

on *Peterman v. Industrial Comm.* 228 Wis. 352, 280 N. W. 379, a case heard at the circuit by the same judge who heard the instant case. The circuit judge in that case sustained the finding of the examiner that a workman, in seizing a revolving shaft and attempting to stop it from revolving, through idle curiosity and solely for the purpose of matching his strength against the power of the revolving shaft, was not performing service growing out of and incidental to his employment. He attempts to distinguish the instant case from the *Peterman Case* on the ground that "a line must be drawn between such acts [of a workman] which are unreasonable or even inimical to the employer's interest, as in the *Peterman Case,* and the natural, normal human acts of the individual, as in the *Charron Case.*" (*Charron v. Northwestern Fuel Co.* 149 Wis. 240, 134 N. W. 1048.)

We perceive no distinguishing difference between the *Peterman* and the instant case. The *Charron Case* was a common-law negligence case between master and servant. The servant was carrying planks to carpenters who were making repairs on a coal dock. He was carrying them up a flight of stairs, across a platform across which the beam of a derrick swung when in operation and up a ladder to another platform. He had just so carried a plank and laid it down. He started back for another plank by the same route and while standing on the edge of the platform at the foot of the ladder some eight feet from his line of travel, facing the harbor on which the dock was located, he was struck by the beam of the derrick. He had so stood a minute or two when struck. The derrick had not theretofore been in operation on the instant morning and was started without warning the plaintiff. The defense of negligence of a fellow servant was ruled against the defendant because the carpenters engaged in making the repairs were not fellow servants of the dock operators, and the plaintiff was one of the carpenter crew.

The circuit judge in drawing his line relied on the following in the opinion in the *Charron Case,* pp. 245, 246:

"The principle is well established that if a servant voluntarily and unnecessarily leaves his employment and assumes a position of peril merely for his own pleasure or convenience he ceases to be an employee for the time being and becomes either a trespasser or at best a mere licensee. [Citing authorities].

"But the law aims to be reasonable. It recognizes that it has to deal with imperfect human beings and not with faultless and unerring automatons, and that its rules should be shaped accordingly. It must recognize the fact that men employed in hard physical labor require and habitually take some brief respite at times during the work as opportunity offers; and it must also recognize the fact that such a respite, if only of the ordinary and usual nature, cannot rightly be called a leaving of the employment. In the present case the plaintiff had just carried a plank, doubtless of considerable weight, to the top of the structure. In returning he stopped for a minute or two at a convenient stopping place, stepped perhaps eight feet from his line of travel, and gazed at the operations upon and about the vessel and the harbor below, which were doubtless interesting and attractive. We do not feel that we are obliged to hold or ought to hold as matter of law that this brief and very natural break in the plaintiff's routine labor divested him of his character as an employee."

Attention is called to the point last stated in the above quotation that whether the "brief and very natural break in the plaintiff's routine labor divested him of his character as an employee" was not a matter of law, but a matter of fact, upon which the jury's finding was conclusive. This seems to dispose of the trial judge's notion that in the instant case whether the plaintiff was performing service growing out of and incidental to his employment is a matter of law.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with direction to enter judgment affirming the order of the commission.