268 P.2d 579

**WALKER v. WOLDRIDGE.**

No. 5704.

Supreme Court of New Mexico.

Feb. 17, 1954.

Rehearing Denied March 23, 1954.

■■■■■■■■

Robert W. Ward, Lovington, Philip H. Dunleavy, Albuquerque, for appellant.

Edwards & Reese, Hobbs, for appellee.

COMPTON, Justice.

This appeal was taken to review the action of the trial court in denying a claim for compensation under the Workmen's Compensation Act.

While employed in appellee's gasoline service station, appellant received an injury for which he claims compensation. He was required to wash, grease and service automobiles and trucks generally. On January 25, 1952, Alex Trimble, a deputy sheriff, brought his automobile to the garage to be serviced. In the automobile was a sawed off shotgun, also a tear gas gun. The shotgun was in the back seat and the tear gas gun was hanging on the spotlight handle, inside the automobile. In handling the tear gas gun, it exploded in appellant's face, resulting in permanent and total blindness.

Appellee defended on the grounds, (a) the operation of a service station is not an extrahazardous occupation; (b) the employer was not within the purview of the Workmen's Compensation Act since

he did not employ four or more employees; (c) that appellant was engaged in a prohibited act; and (d) the act which resulted in the injury did not arise out of and in the course of employment. Our discussion will be limited to defenses (c) and (d), since a determination of other questions is not necessary to a decision. . . . .

■■■ It is not enough that the injury arose in the course of employment. For an injury to be compensable, it must "arise out of" and in the course of employment and not wilfully suffered or intentionally inflicted. The principles "arising out of" and "in the course of employment" within the meaning of the Workmen's Compensation Act must coexist at the time of the injury in order that an award be sustained. These terms are not synonymous, the former relates to the cause of the injury and the latter refers to the time, place and circumstances under which the injury occurred. The injury must be reasonably incident to the employment or one flowing therefrom as a natural consequence.

■■■ Appellee purchased the service station in 1951. Appellant had previously worked for the former owner and continued in the services of appellee. He was a student of the age of 17 years at the time, and worked after school hours and on Saturdays and Sundays. While he was servicing the Trimble automobile, cleaning

and polishing windows on the inside, he discovered the tear gas gun hanging on the spotlight handle. He picked it up, looked into the barrel, pressed the trigger and discharged it in his face, causing the injury for which he now claims compensation.

The Trimble automobile had been serviced at appellee's service station on previous occasions, and there is evidence that appellant was warned not to disturb or molest anything in the automobile, particularly the tear gas gun, that it was dangerous. The former owner, Elmer Martin, testified:

"Q. Did you ever discuss that tear gas gun with Donald Walker? A. Yes, sir.

"Q. What did you tell him in regard to that * * *? A. I told him it was dangerous and not to be fooling with it."

Appellee testified:

"Q. Did you warn him about any particular instruments? A. Guns, tear gas guns, guns, tear gas guns, all that stuff."

It is our opinion that appellant's departure from specific instructions, bars a recovery. The order or warning was one limiting the scope or sphere of work which he was authorized to do, and the violation forecloses compensability for the in-

jury so sustained. Black v. Town of Springfield, 217 S.C. 413, 60 S.E.2d 854; Simon v. Standard Oil Co., 150 Neb. 799, 36 N.W.2d 102; Tiralongo v. Stanley Works, 104 Conn. 331, 133 A. 98; Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624; Eugene Dietzen Co. v. Industrial Board of Illinois, 279 Ill. 11, 116 N.E. 684; Sullivan's Case, 128 Me. 353, 147 A. 431; Dalsheim v. Industrial Accident Comm., 215 Cal. 107, 8 P.2d 840; Saucier's Case, 122 Me. 325, 119 A. 860. Also see Annotations, 23 A.L.R. 1161, 26 A.L.R. 166, 119 A.L.R. 1409 where the cases are assembled.

Appellant must be held to stand the risk of the injury received by him which proximately resulted from an act of his own which had no reasonable relation to the employment.

The judgment will be affirmed and, it is so ordered.

LUJAN and SEYMOUR, JJ., concur.

SADLER, J., and McGHEE, C. J., concurring specially.

SADLER, Justice (concurring specially).

The opinion by Mr. Justice COMPTON reaches a correct result. In my view, however, a recovery is barred, not simply, or at all, because the claimant violated instructions as such, but because that vio-

lation in this particular case took the accident it caused out of the category of one "arising out of and in the course of" his employment and, hence, outside the protection afforded by the Workmen's Compensation Act. Furthermore, under the facts here present as found by the trial court, the accident was of such a nature that it placed the injury suffered, even if deemed to "arise out of and in the course of" his employment beyond premissible recovery because one "wilfully suffered." 1941 Comp., § 57–908

It is not every departure from specific instructions that will bar a recovery. See annotations in 23 A.L.R. 1161; 26 A.L.R. 166; 58 A.L.R. 197; 83 A.L.R. 1211 and 119 A.L.R. 1409. It is so only when the departure is of such a nature as to deny any accident consequent on its character as one "arising out of and in the course of his employment", within the purview of 1941 Comp., § 57–902. This violation of instructions places the ensuing accident outside the purview of the section just mentioned and bars recovery. Furthermore, because the violation was of a character to classify the injury as one "wilfully suffered" within 1941 Comp., § 57–908, as found by the trial court, even if the claimant had enjoyed the protection of the act, a recovery would have to be denied. The case is a tragic one. A youth at the threshold of young manhood is blinded for life but the facts are unbending and will not support a recovery. The opinion of Mr. Justice COMPTON so holds.

Accordingly, I concur in the result declared.

McGHEE, C. J., agrees with SADLER, J.

### On Motion for Rehearing

COMPTON, Justice.

The appellant has moved for a rehearing and oral arguments thereon, in which he seems to sense confusion and uncertainty in the law if we permit our opinions on file to stand. We do not share his apprehension on this score. The trial court among other things found:

"7. That on numerous occasions prior to the injury, Donald Walker had been ordered by his employers not to handle any of the weapons in the officers' automobiles and had been warned of the dangerous character of said weapons including the tear gas billy gun. That on the day of the injury and just before entering the car to clean the glass, he was reminded of the order and again warned by a fellow employee."

"8. That Donald Walker was injured as the result of his wilful violation of defendant's orders not to touch or handle the weapons in officers' cars.

and no part of his duties required him to touch or handle said weapons."

We do not see how it is possible to support a recovery in the face of these findings. The motion and brief supporting it largely cover the same ground found in the original briefs. We do not feel that another hearing and oral argument would change the result previously reached. Accordingly, the motion for rehearing will be denied, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN, and SEYMOUR, JJ., concur.