Maahs, Respondent, v. Industrial Commission and others, Appellants.

*September 29—October 26, 1964.*

"...

For the appellant Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the other appellants there were briefs by *W. L. Jackman* and *Hart, Kraege, Jackman & Wightman,* all of Madison, and oral argument by *W. L. Jackman.*

For the respondent there was a brief and oral argument by *Frederick F. Hillyer* of Madison.

GORDON, J.   The principal problem in the instant case is whether an employee's deviation from his employment for the purpose of satisfying his personal curiosity defeats coverage.   There are two Wisconsin decisions which unmistakably assert the strict rule that an employee breaks the master and servant relationship when he momentarily steps aside from his employment for the purpose of satisfying an idle curiosity.   In *Peterman v. Industrial Comm.* (1938), 228 Wis. 352, 358, 280 N. W. 379, the court said:

"Such a departure from the scope of one's employment, measured in terms of time and space, may be very slight. Nevertheless, if the act performed by one is in furtherance of his own purposes and without the scope of his employment, the master may not be liable."

Several cases from other jurisdictions are analyzed at page 360 of the *Peterman Case* in support of the rule there announced "that an employee may not recover for an injury suffered while engaged in satisfying his idle curiosity." The other Wisconsin case which expresses the aforesaid view is *Guenther v. Industrial Comm.* (1939), 231 Wis. 603, 286 N. W. 1.

The trial court concluded that the doctrine of the *Peterman* and *Guenther Cases* was outmoded; instead the trial court adopted what it deemed to be the more reasonable and modern view expressed in 1 Larson, Law of Workmen's Compensation, p. 372, sec. 23.66:

"On the whole, however, the newer curiosity cases lend considerable support to the view that foolery, whether in the form of horseplay participation or some momentary act inspired by curiosity, should have the benefit of the general rule that trifling and insubstantial deviations, which do not measurably detract from the work, should not be treated as departures from the scope of employment."

There are numerous cases from other jurisdictions which support the rule espoused by the circuit court. *Moore v. Superior Stone Co.* (1955), 242 N. C. 647, 89 S. E. (2d) 253; *Jordan v. Dixie Chevrolet, Inc.* (1950), 218 S. C. 73, 61 S. E. (2d) 654; *Simon v. Standard Oil Co.* (1949), 150 Neb. 799, 36 N. W. (2d) 102; *Franck v. Allen* (1946), 270 App. Div. 960, 61 N. Y. Supp. (2d) 728; *Bernier v. Greenville Mills, Inc.* (1944), 93 N. H. 165, 37 Atl. (2d) 5; *Derby v. International Salt Co.* (1931), 233 App. Div. 15, 251 N. Y. Supp. 531; *Miles v. Gibbs & Hill, Inc.* (1929), 255 App. Div 839, 232 N. Y. Supp. 818.

We believe that there is a sound basis for questioning the strict rule of *Peterman* and *Guenther*. The doctrine of those cases, which denies compensation to an employee for even the slightest deviation, was criticized in *Bethlehem Steel Co. v. Parker* (4th Cir. 1946), 64 Fed. Supp. 615, 618; it referred to the *Peterman Case* as one of those which was "decided many years ago when the courts were still under the influence of the narrow and technical construction of the scope of the Compensation Acts; . . ."

Professor Larson has recognized that those cases in which awards were made to employees who had been injured while satisfying their curiosity generally involved acts which were

"insubstantial and impulsive." 1 Larson, Law of Workmen's Compensation, p. 370, sec. 23.66. The author also points out that when the deviation is a deliberate, conscious, and substantial excursion which involves the temporary abandonment of the employee's regular duties, such deviation is not covered by the act. See *Secor v. Penn Service Garage* (1955), 35 N. J. Super. 59, 113 Atl. (2d) 177; *Robertson v. Express Container Corp.* (1953), 13 N. J. 342, 347, 99 Atl. (2d) 649.

In many ways, the present case is factually identical to *Walker v. Woldridge* (1954), 58 N. M. 183, 268 Pac. (2d) 579. The court denied compensation, although in that case the employee was specifically instructed not to disturb the property in the car he was cleaning. On the other hand, compensation was granted in another tear-gas bomb case. *Jordan v. Dixie Chevrolet, Inc.* (1950), 218 S. C. 73, 61 S. E. (2d) 654.

The record in the case at bar discloses that the *Peterman Case* was brought to the attention of the Industrial Commission at the time it made its decision. Under the circumstances of this case, the determination whether the employee was performing service growing out of and incidental to his employment required the application of law to the facts. While the order of the commission does not expressly so indicate, we think it is probable that its order was made in contemplation of the strict rule of *Peterman* and *Guenther*. Under that rule, a momentary or minor deviation would have barred compensation. We recognize that the conduct of Mr. Maahs was such that the commission may have determined that his acts were deliberate, conscious, and substantial and of such a nature as to preclude his receiving an award of compensation; however, it is also possible that the commission could have decided that his deviation was im-

pulsive, momentary, and insubstantial, which would result in his being granted an award of compensation.

Since we are now prepared to reject the *Peterman* and *Guenther* doctrine in favor of the rule referred to by Professor Larson and by the trial court, we deem that Mr. Maahs is entitled to a reconsideration of the record in his case by the Industrial Commission in light of the change in the law reflected in this opinion. Upon remand it will remain discretionary with the Industrial Commission whether to hold further hearings.

*By the Court.*—Judgment reversed, and cause remanded with directions.

HALLOWS, J. (*dissenting*). I would reverse but not remand the case to the Industrial Commission for a finding. The facts are undisputed and only a question of law is presented, *i.e.*, the application of the law to the evidentiary facts. The acts of Maahs as a matter of law meet the new test adopted by the court that a deviation to preclude an award of workmen's compensation in curiosity cases must be a deliberate and conscious excursion.

Maahs picked up the box from the car floor and opened it. This he had no right to do, curiosity or not. What was in the sheriff's car was none of his business. Maahs removed the billy from the box, unfastened the safety catch, looked into the barrel and pushed the button or trigger. At any one of these steps after opening the box he could have stopped. These acts considered individually or serially were not impulsive or thoughtless but deliberately induced and motivated by curiosity. The mere fact the acts probably did not take up a great deal of time is not dispositive. They amounted to deliberate nosiness involving a temporary abandonment of the employee's duties to wash the car.

The finding of the Industrial Commission should be affirmed. Upon the facts I believe the Industrial Commission upon remand has no choice but to find Maahs' conduct was deliberate and conscious and not such a momentary impulsive act as amounted to an insubstantial deviation from his duties. Consequently, I would reverse the trial court and affirm the Industrial Commission.

I am authorized to state Mr. Justice BEILFUSS joins in this dissent.