623 P.2d 564

**Earl LUKESH, as employer, and State Farm Mutual Insurance Company, as workmen's compensation insurance carrier, Petitioners,**

v.

**Eutiquio ORTEGA, Respondent.**

**No. 13271.**

Supreme Court of New Mexico.

Dec. 30, 1980.

Rehearing Denied Feb. 19, 1981.

Miler, Stratvert, Torgerson & Brandt, Ranne B. Miller, Albuquerque, for petitioners.

David H. Pearlman, Albuquerque, for respondent.

OPINION

FELTER, Justice.

Plaintiff Ortega filed suit against defendant Lukesh and State Farm Mutual Insurance Company (defendant's insurer) in Bernalillo County for workmen's compensation benefits. The trial court held against plaintiff. Plaintiff appealed to the Court of Appeals. The Court of Appeals, Chief Judge Wood dissenting, reversed the trial court. *Ortega v. Lukesh*, 19 N.M.St.B.Bull. 856 (Ct.App.1980). We reverse the Court of Appeals and affirm the trial court.

Approximately one year prior to being employed by the defendant, the plaintiff worked for another contractor as a cement finisher. During his previous employment, plaintiff hurt his back while pushing a wheelbarrow and received workmen's compensation benefits for the injury. About one year later plaintiff went to work for defendant as a cement finisher. At the time he hired plaintiff, defendant was aware of the prior injury and gave plaintiff explicit instructions that his job responsibilities did not include any heavy lifting, specifically including the troweling machine. The trial court found that plaintiff wilfully violated those instructions by assisting another employee in lifting the 174 pound troweling machine. There were other employees present whose job responsibilities included lifting the machine. Plaintiff re-

injured his back when he lifted the machine.

The Court of Appeals held that even though the plaintiff violated the express instructions not to do any heavy lifting, specifically including the troweling machine, his violation of those instructions did not deviate from his employer's interest nor take him outside of the course of his employment. The Court of Appeals relied on a portion of *Walker v. Woldridge*, 58 N.M. 183, 268 P.2d 579 (1954) and attempts to distinguish the remaining portion of *Walker* and also the case of *Witt v. Marcum Drilling Company*, 73 N.M. 466, 389 P.2d 403 (1964). Although we agree with the Court of Appeals' appraisal of *Walker* insofar as it interprets that opinion to mean that an instruction to an employee is not per se a bar to compensation, both *Walker* and *Witt* hold that the voluntary acts of the employee contrary to express instructions of his employer constitute an act outside of the course of his employment and is not compensable.

In *Walker*, this Court said

It is our opinion that appellant's departure from specific instructions, bars a recovery. The order or warning was one limiting the scope or sphere of work which he was authorized to do, and the violation forecloses compensability for the injury so sustained. (Citations omitted.)

*Id.* at 185, 268 P.2d at 580. And in *Witt*, the Court stated:

Violation of specific instructions which limit the scope or sphere of work which an employee is authorized to do bars recovery of workmen's compensation for an injury so sustained. (Citation omitted.)

*Id.* at 467, 389 P.2d at 403.

In this case, the facts are conclusive that the plaintiff wilfully violated the instructions of his employer. The employer knew of plaintiff's previous injury, and desired to eliminate an additional compensable injury; the employer specifically told the plaintiff not to lift the troweling machine; the employer had other employees on the job whose responsibilities included lifting that machine; lifting the troweling machine was not a part of plaintiff's job responsibility. A violation of the explicit instructions constituted a wilful deviation by the employee from his work.

The Court of Appeals is reversed and the trial court is affirmed. The cause is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and PAYNE, JJ., concur.

WILLIAM R. FEDERICI, J. (not participating).