746 P.2d 1126

**Fritz KLOER, Plaintiff–Appellee,**

**v.**

**The MUNICIPALITY OF LAS VEGAS, New Mexico and New Mexico Municipal Self Insurers, Defendants–Appellants.**

**No. 9921.**

Court of Appeals of New Mexico.

Nov. 17, 1987.

Carlos G. Martinez, Don E. Lepley, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

Ronald J. Van Amberg, Roth, Van Amberg, Gross, Amarant & Rogers, Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendants appeal a judgment awarding worker's compensation benefits for a heart attack brought on by claimant's participation in a lunchtime basketball game. The sole issue is whether the recreational activity that triggered the heart attack arose out of and in the course of claimant's employment. The trial court found it did. We hold that where, as here, the recreational activity occurs on the employer's premises, and the employer knows of and acquiesces in the activity, an accidental injury resulting therefrom satisfies both the "arising out of and in the course of employment" requirements. We, therefore, affirm. Another issue listed in the docketing statement has been abandoned.

## FACTS

Fritz Kloer was employed by the Municipality of Las Vegas (the City) as a supervisor in the gas utility division. On the premises of the workplace was a basketball court that was fenced in by the City. The basketball backboard and rim were bought with City funds and were installed on the side of a City building; the City kept basketballs for the use of its employees. It is undisputed that the City was aware of the fact that many of its employees played basketball during their lunch hour. Indeed, the trial court found as fact, and it is unchallenged on appeal, that the "City, in essence, established, promoted, acquiesced in and condoned the recreational facility and the activities located within its premises." On April 2, 1986, during the lunch hour, another employee challenged Kloer to a two-on-two basketball game that the employee characterized as a "'labor v. management'" game. Kloer and his supervisor played on one side against two employees. As a proximate result of the basketball game, Kloer suffered a myocardial infarction (heart attack).

In order to recover compensation, the worker must show that the injury and resulting disability arose out of and in the course of his employment. NMSA 1978, §§ 52–1–19 and –28(A)(1) (Orig.Pamp.). It is well-settled that this requirement involves two separate inquiries. The term "arising out of" the employment denotes a risk reasonably incident to claimant's work. *Losinski v. Drs. Corcoran, Barkoff & Stagnone, P.A.*, 97 N.M. 79, 636 P.2d 898 (Ct.App.1981). The term "course of employment" relates to the time, place and circumstances under which the accident takes place. *Velkovitz v. Penasco Indep. School Dist.*, 96 N.M. 577, 633 P.2d 685 (1981). In order to recover benefits, the worker must show that both requirements are satisfied. *Velkovitz v. Penasco Indep. School Dist.; Losinski v. Drs. Corcoran, Barkoff & Stagnone, P.A.* The City argues that on the facts of this case, neither of these requirements is satisfied. We disagree.

Injuries resulting from recreational activities, acquiesced in by the employer and occurring on its premises, have been held compensable in the majority of cases. 1A A. Larson, *The Law of Workmen's Compensation* § 22.10 (1985). Thus, in *Tocci v. Tessler & Weiss, Inc.*, 28 N.J. 582, 147 A.2d 783 (1959), a case remarkably similar to the one before us, the court held compensable an employee's injury that occurred while the employee was engaged in a customary lunchtime recreational softball game at the employer's premises that the employer not only permitted but also encouraged by supplying the necessary equipment. *Accord McNamara v. Town of Hamden*, 176 Conn. 547, 398 A.2d 1161 (1979); *Eagle Discount Supermarket v. Industrial Comm'n*, 82 Ill.2d 331, 45 Ill.Dec. 141, 412 N.E.2d 492 (1980); *Mack Trucks, Inc. v. Miller*, 23 Md.App. 271, 326 A.2d 186 (1974), *aff'd* and opinion adopted, 275 Md. 192, 338 A.2d 71 (1975); *Bender v. Long Island Lighting Co.*, 71 A.D.2d 754, 419 N.Y.S.2d 238 (1979); *City of Oklahoma City v. Alvarado*, 507 P.2d 535 (Okl.1973).

While a number of jurisdictions has denied compensation, *see, e.g., Holck v. Town of Hempstead,* 63 A.D.2d 1114, 406 N.Y. S.2d 393 (1978), *aff'd,* 47 N.Y.2d 993, 420 N.Y.S.2d 211, 394 N.E.2d 281 (1979); *Beiring v. Niagara Frontier Transit System, Inc.,* 23 A.D.2d 611, 256 N.Y.S.2d 365 (1965), we believe the rule of liberal construction, coupled with earlier pronouncements in related cases, portends that the majority view would be adopted by the New Mexico Supreme Court. For example, recovery has been allowed in New Mexico in a "personal comfort" case when the employee was injured en route to a cafe where, with the employer's knowledge and consent and without deduction in pay, the employee ate his meals. *Sullivan v. Rainbo Baking Co.,* 71 N.M. 9, 375 P.2d 326 (1962); *see Whitehurst v. Rainbo Baking Co.,* 70 N.M. 468, 374 P.2d 849 (1962) (injury arose out of and in the course of employment when mechanic, who was on twenty-four-hour call for which he was paid a weekly salary, was struck while crossing the street on a coffee break). In our case, the trial court found that Kloer's job as director of the gas utility was a stressful position that required responses to emergencies on a twenty-four-hour basis. Recovery has also been allowed for injuries received during an "enforced lull." *See Velkovitz v. Penasco Indep. School Dist.* (injuries sustained during break by teacher, who was at a ski area during school hours as chaperone, arose out of and in the course of employment). Our supreme court has long been committed to the view that the Workmen's Compensation Act (Act) is remedial and should be liberally construed, with all doubts resolved in favor of the worker. *Cuellar v. American Employers' Ins. Co.,* 36 N.M. 141, 9 P.2d 685 (1932), *overruled on other grounds, Dupper v. Liberty Mut. Ins. Co.,* 105 N.M. 503, 734 P.2d 743 (1987). Thus, the judicial approach in New Mexico has been toward expanding, rather than restricting, compensability when construing the Act. *See also Oliver v. City of Albuquerque,* 106 N.M. 350, 742 P.2d 1055 (1987); *Smith v. City of Albuquerque,* 105 N.M. 125, 729 P.2d 1379 (Ct.App.1986).

■ The City challenges a finding of the trial court to the effect that participation in the basketball game was required by Kloer's job. We do not reach the issue of whether this finding was supported by substantial evidence because, in our view, the finding is unnecessary to the trial court's decision and our disposition of this case. *Newcum v. Lawson,* 101 N.M. 448, 684 P.2d 534 (Ct.App.1984); *Ratzlaff v. Seven Bar Flying Serv., Inc.,* 98 N.M. 159, 646 P.2d 586 (Ct.App.1982). In the instant case, the trial court found as fact, and it is unchallenged on appeal, that the City had in essence established, promoted, acquiesced in and condoned the recreational activities of its employees. Again, courts that have dealt with this issue have found such fact, coupled with the activity taking place on the work premises, sufficient. *See, e.g., McNamara v. Town of Hamden; Tocci v. Tessler & Weiss, Inc.* Where, as here, lunchtime recreational activities by employees on the work premises are an accepted feature of the work place, known to and acquiesced in by the employer, we hold that those activities become part of the working conditions of the particular place of employment, and a risk the employee is exposed to by virtue of his employment. Under those conditions, an injury that results arises out of the employment within the meaning of the Act.

■ The trial court found that Kloer "participated in the basketball game to improve employee-employer relations, general efficiency of work performance, and thus intended to benefit his employer * * *." It also found that improving morale was "important, essential and beneficial to the City of Las Vegas." While not challenging these findings, the City argues, citing to 1A A. Larson, Section 22.33, that when the benefit asserted is the intangible value of increased worker efficiency and morale, these benefits result from every game whether or not connected to work. We agree with that argument and hold that morale and efficiency benefits alone are not enough to bring recreation within the course of employment. *See Lindsay v. Public Serv. Co.,* 146 Colo. 579, 362 P.2d

407 (1961). We adopt the view of *McNamara,* a case in which the commission found no employer benefit, that an injury occurs in the course of employment when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is reasonably fulfilling the duties of employment or doing something incidental to it. The activity is incidental to the employment if it is regularly engaged in on the employer's premises within the period of employment and with the employer's approval or acquiescence. Although not argued in the briefs, we note that the trial court's finding No. 5, that the position of gas utility director was a high-pressured and stressful position that required responses to emergencies on a twenty-four-hour basis, implies a benefit to the City as a result of recreational activities on its premises. The City could reasonably be expected to benefit from an activity that not only would relieve stress but would make the employee accessible to call. Because the City approved of the activity herein by providing equipment and fencing the court area, and because the activity was regularly engaged in on the employer's premises, there is a sufficient basis to conclude that the activity was an incident of the employment. Having satisfied the two requirements of "arising out of" employment and "in the course of" employment, Kloer is entitled to compensation.

The parties have debated at length the applicability and meaning of *Dupper v. Liberty Mut. Ins. Co.* That case recognized a premises exception to the "going-and-coming" rule, holding that the need to prove negligence, which is not otherwise required in order to establish a claim, arises only if the worker's injury is sustained while going to or coming from work, *and* the injury occurs away from the employer's premises. The City urges us not to apply *Dupper* to this case, and to give it modified prospective application. We find it unnecessary to decide that question because Kloer, at the time of his injury, was neither coming from nor going to his place of work. He was on his employer's premises. While somewhat related and instructive, the "going-and-coming" rule is not determinative of the question before us. Thus, the inquiry turns on the issue of whether Kloer was engaged in something incidental to his work. Knowledge and acquiescence by the City not only suffices to establish the recreational activity as an "incident of employment," but the period of time when it happened would, itself, permit that inference. *Mack Trucks, Inc. v. Miller.*

We have considered the City's other arguments and find they are answered by the cases we rely on.

We have not overlooked the effect our decision today may have. Undoubtedly, any expansion of coverage will eventually impact the cost to the worker's compensation system, which concerns the courts. *See Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979) (attorney fees paid in worker compensation cases are ultimately reflected in higher insurance premiums and later in the cost of goods and services to the general public). Additionally, higher worker's compensation premiums no doubt discourage business. If recreational activities are not to be covered, then employers can, of course, forbid them. This seems an unsatisfactory approach, particularly when physical fitness and better morale should be encouraged. Alternatively, the legislature could restrict coverage in this area. *See* Nev.Rev.Stat. § 616.110(1) (1985) (any injury sustained while engaged in athletic or social event sponsored by employer not covered unless employee receives remuneration for participating).

The motion for oral argument is denied. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). The judgment of the trial court is affirmed. Claimant is awarded $2,000 for the services of his attorney on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.