828 P.2d 420

**Clarence L. GARCIA, Claimant–Appellee,**

v.

**HOMESTAKE MINING COMPANY, Respondent–Appellant.**

**No. 13006.**

Court of Appeals of New Mexico.

Feb. 11, 1992.

Certiorari Denied March 23, 1992.

Filbert J. Montes, Filbert J. Montes, P.C., Albuquerque, for claimant-appellee.

David G. Reynolds, Crider, Calvert & Bingham, P.C., Albuquerque, for respondent-appellant.

Thomas D. Haines, Jr., Hinkle, Cox, Eaton, Coffield, & Hensley, Roswell, amicus curiae, for New Mexico Defense Lawyers Ass'n.

## OPINION

FLORES, Judge.

Homestake Mining Co. (employer) appeals from the final order of the workers' compensation judge (WCJ) awarding Clarence L. Garcia (claimant) compensation benefits under the Workers' Compensation Act (Act). Employer raises the following issues on appeal: (1) whether there is substantial evidence to support the finding and conclusion of the WCJ that claimant was injured in an accident arising out of his employment; (2) whether there is substantial evidence to support the finding and conclusion of the WCJ that claimant's injury occurred in the course of his employment; and (3) whether the WCJ erred in failing to find that claimant's injury was willfully suffered. We affirm the final order of the WCJ.

## BACKGROUND

Claimant was employed by employer as an underground miner since 1968. On May 15, 1989, claimant and a fellow employee were working in their assigned work areas within the mine. The two employees were in the process of slushing, which consists of using an electronic ore bucket to scrape ore into piles for later removal. During this process, they were prevented from continuing in the slushing activity by the presence of a boulder. In order to continue, they had to blast the boulder, so they set explosive charges, left the area, blasted, and returned. Various federal, state, and employer's regulations prohibit any work in an area after blasting, until barring down has occurred. The process of barring down involves using a scaling bar, a six-and-one-half-foot-long steel bar with a chisel end, to identify and remove loose or

unstable rocks on the sides and the ceiling of a tunnel before entering recently blasted areas. This is to prevent such rock from falling and causing injury to miners. Claimant had been apprised of regulations regarding barring down during safety training sessions. Claimant testified that he barred down after returning to the area. However, the WCJ determined that claimant failed to use a scaling bar upon his return, even though scaling bars were provided by employer for claimant's use. Claimant was injured after returning to the recently blasted work area when a large rock fell on his right foot.

Claimant timely filed his claim against employer on July 19, 1989, seeking temporary total disability benefits. The WCJ found and concluded that claimant's injury arose out of and in the course of employment. The WCJ found that claimant had failed to observe statutory regulations. The WCJ also found that claimant failed to use the safety device provided by employer. The safety device provided was a scaling bar. The WCJ further found that such failure resulted in claimant's injury. Accordingly, the WCJ reduced the compensation rate by ten percent for claimant's failure to use a safety device, pursuant to NMSA 1978, Section 52-1-10(A) (Repl. Pamp.1987).

DISCUSSION

Employer argues that claimant is precluded from receiving compensation because claimant's injury did not arise out of or in the course of his employment. Employer attacks the sufficiency of the evidence to support these findings.

■ On appeal from workers' compensation cases decided by the Workers' Compensation Division, we review the sufficiency of evidence to support conclusions according to the whole record review standard. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct. App.1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Register v. Roberson Constr. Co.,* 106 N.M. 243, 245, 741 P.2d 1364, 1366 (1987). The reviewing court views the evidence in the light most favorable to the agency decision, but it may not view favorable evidence with total disregard to contravening evidence. *National Council on Compensation Ins. v. New Mexico State Corp. Comm'n,* 107 N.M. 278, 756 P.2d 558 (1988).

■ In order for an injured employee to receive compensation under the Act, the employee must be performing a service arising out of and in the course of his employment at the time of the accident, and the injury must arise out of and in the course of his employment. NMSA 1978, § 52-1-9 (Repl.Pamp.1987). The principles "arising out of" and "in the course of his employment," within the meaning of the Act, must exist simultaneously at the time of the injury in order for compensation to be awarded. *Walker v. Woldridge,* 58 N.M. 183, 268 P.2d 579 (1954).

■ First, we address whether there is substantial evidence to support the finding and conclusion of the WCJ that claimant's injury arose out of his employment. The term "arising out of" refers to the cause of the injury and denotes a risk reasonably incident to the claimant's work. *Kloer v. Municipality of Las Vegas,* 106 N.M. 594, 746 P.2d 1126 (Ct.App.1987). Employer contends that claimant's accident was not reasonably incident to his work because claimant's employment did not subject him to the risk of falling rocks in an area which had not been barred down. We do not agree.

■ At trial, evidence was introduced that blasting and slushing are common causes of rock falls. Evidence was also introduced that rock falls are one of the leading causes of underground mining accidents. Additionally, evidence was introduced that rock falls occur during the slushing procedure, even after barring down. We believe that the question of whether the evidence denotes a risk reasonably incident to claimant's work is a question for the fact finder. Further, based on the whole record standard of review, there was sufficient evidence for the WCJ to find

that claimant's injury arose out of a risk incident to his employment.

■ Next, we address whether there is substantial evidence to support the finding and conclusion of the WCJ that claimant's injury occurred in the course of his employment. Initially, we note that the parties stipulated that the accident occurred in the course of claimant's employment with employer; however, it appears that the issue was tried by the consent of the parties. *See First Nat'l Bank in Albuquerque v. Rowe*, 52 N.M. 366, 199 P.2d 987 (1948) (a stipulation is waived by acquiescence where a party voluntarily joins in litigating an issue not pleaded).

This court has previously stated that "an injury occurs in the course of employment when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is reasonably fulfilling the duties of employment or doing something incidental to it." *Kloer*, 106 N.M. at 597, 746 P.2d at 1129.

There is evidence that claimant's injury occurred during his period of employment and at his assigned work area. There is also evidence that slushing and blasting are duties of a miner, and claimant was involved in performing such duties when the injury occurred. Considering the whole record, there was sufficient evidence for the WCJ to find that claimant's injury occurred in the course of his employment.

■ Notwithstanding the above and to emphasize that "willful conduct" will remove an injury from occurring "in the scope of employment," employer essentially argues that claimant's failure to follow regulations took claimant's injury outside the course of his employment. Employer argues that claimant, although required by federal, state, and employer regulations to bar down after blasting, failed to bar down and was not authorized to be engaged in activity in an area which had not been barred down after blasting. Employer further argues that claimant's failure to bar down amounted to willful conduct which, pursuant to NMSA 1978, Section 52–1–11 (Repl.Pamp.1987), bars recovery under the

Act. In employer's view, a finding that claimant's failure to bar down was willful misconduct would prevent *any* recovery regardless of the applicability of Section 52–1–10(A), because that section provides that only "compensation otherwise payable * * * shall be reduced ten percent." Here, the WCJ rejected employer's proposed finding that claimant's injury was willfully suffered, thereby implicitly finding that claimant's injury was not willfully suffered. *See Jensen v. New Mexico State Police*, 109 N.M. 626, 788 P.2d 382 (Ct.App.1990). Because the WCJ did not find that claimant's injury was willfully suffered and that Section 52–1–10(A) nonetheless allowed recovery of benefits, this court need not address the issue of whether Section 52–1–10(A) controls over Section 52–1–11 and would allow an employee to recover benefits, albeit at a reduced rate, if the employee willfully, as opposed to negligently, failed to use a safety device. In this appeal, the issue is only whether there is substantial evidence to support the findings of the WCJ.

The claim that an employee willfully suffered an injury is a defense to compensability under the Workers' Compensation Act of New Mexico. Section 52–1–11 states: "[n]o compensation shall become due or payable from any employer under the terms hereof in event such injury was * * * wilfully suffered by [employee], or intentionally inflicted by [employee]." Employer also relies on NMSA 1978, Section 52–1–8(C) (Repl.Pamp.1987), which states that in actions to recover compensation for personal injuries sustained by an employee occurring in the line of duty, it is not a defense "that the injury * * * was caused, in whole or in part, by the want of ordinary care of the injured employee where such want of care was not willful."

In interpreting Section 59–10–5(C), the predecessor to Section 52–1–8(C), this court has defined "willful" as " 'the intentioned doing of a harmful act without just cause or excuse or an intentional act done in utter disregard for the consequences.' " *Gough v. Famariss Oil & Ref. Co.*, 83 N.M. 710, 714, 496 P.2d 1106, 1110 (Ct.App.1972) (cit-

ing *Potomac Ins. Co. v. Torres,* 75 N.M. 129, 401 P.2d 308 (1965)). In *Gough,* the claimant was employed as a truck driver and was assigned to transport 9000 gallons of gasoline. The claimant was injured in an accident after he allowed an unauthorized passenger, who had been drinking alcohol, to drive the truck down a road with numerous hairpin curves, under hazardous weather conditions. The claimant had been instructed numerous times by his employer not to carry passengers in his truck and not to allow any unauthorized person to drive the truck. This court found that the claimant's actions, which were harmful, intentional, without just cause or excuse, or done in utter disregard of the consequences, rose to the level of willful misconduct sufficient to bar compensation under the Act.

Employer cites *Lukesh v. Ortega,* 95 N.M. 444, 623 P.2d 564 (1980), to support his argument that claimant's injury was willful and thus did not occur within the course of employment. In *Lukesh,* the claimant was injured when he assisted in lifting heavy machinery. The claimant had been given explicit instructions that his job responsibilities did not include heavy lifting, specifically including machinery. The court held that the claimant's injury was not compensable because his voluntary acts, against the express instructions of his employer, were willful and constituted an act outside the course of his employment. However, *Lukesh* does not control here. *Lukesh* may be distinguished in that the lifting of heavy machinery was specifically not part of the claimant's job responsibility. Here, although there is evidence that miners were required to bar down after using explosives, there is also evidence that barring down is an ongoing procedure in a miner's work day. Employer's safety officer testified that each miner, on an individual basis, determines when to bar down and that miners have the training, experience, and authority to examine their work areas after blasting in order to determine whether conditions are safe to proceed with their work. Thus, we believe that this situation is more analogous to *Stebens v. K– Mart Corp.,* 99 N.M. 720, 663 P.2d 379 (Ct.App.1983), in which this court held that the employer's instructions to its security manager regarding physical confrontations with shoplifters left discretion to the employee as to how to handle such situations. The employee's injury after tackling a shoplifter was held to not be willful and employee was entitled to compensation.

This court has previously stated that while the violation of an instruction may bar compensation in some instances, it is not a per se bar to compensation. *Lukesh,* 95 N.M. at 445, 623 P.2d at 565. Commentators assert that the violation of an instruction or a regulation, without more, is not willful. In 99 C.J.S. *Workmen's Compensation* Section 260, at 901–02 (1958), it is stated:

> Under statutes expressly so providing, compensation is not allowed for injury caused by a willful violation of law by the employee, and it is generally held that the willful or deliberate and intentional violation of a statute or public regulation designed for the protection of the employee is willful * * * misconduct, precluding recovery, under statutes barring compensation in case of willful misconduct * * *. However, not every violation of a statute, ordinance, or public regulation precludes the employee from recovery, but whether or not it does is dependent on the circumstances, that is, on the nature of the misconduct and the character of the statute or regulation violated. A mere violation alone, with nothing more, is not willful. (Footnotes omitted)

Additionally, in discussing why the defense of willfulness has not succeeded in a variety of situations, 1A A. Larson, *Workmen's Compensation Law* Section 32.20, at 6–47 to 6–50 (1990), states: "In most instances, the ground of rejection of the defense was the absence of 'wilfulness.' Usually the act, although prohibited, was instinctive or thoughtless, rather than intentional and deliberate ... [i]n some cases, the action, while in a sense deliberate, was attributable to bad judgment rather than wilful misbehavior." Therefore, it is possible for an employee, who was in-

jured as a result of the violation of an instruction or a law, to have acted without willfulness so as to bar compensation for his injury under the Act.

Employer has raised the defense of willfulness and has the burden of proving that claimant's injury was willfully suffered. *See Baca v. Bueno Foods*, 108 N.M. 98, 766 P.2d 1332 (Ct.App.1988) (one who seeks relief under a statute has the burden of proving he or she comes within its terms). However, employer did not meet this burden. Employer's requested finding that claimant's injury was willfully suffered was refused by the WCJ. Although the WCJ did not make an express finding that claimant's injury was not willful, "[w]here a party has the burden of proof on an issue and requests findings on that issue, which are refused, the legal effect of the refusal is a finding against that party." *Jensen*, 109 N.M. at 630, 788 P.2d at 386. Based on the whole record standard of review, we agree that there was sufficient evidence in the record for the WCJ to refuse to find that claimant's injury was willfully suffered.

CONCLUSION

For the foregoing reasons, we affirm the final order of the WCJ. No costs are awarded.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.