2000-NMCA-039

999 P.2d 1072

**Bunny FOGLEMAN, Worker–Appellant,**

v.

**DUKE CITY AUTOMOTIVE SERVICES, and the Dodson Group, Employer–Insurer–Appellees.**

**No. 20,219.**

Court of Appeals of New Mexico.

March 14, 2000.

Certiorari Denied, No. 26,271,

May 2, 2000.

Rod Dunn, Dunn Law Offices, Rio Rancho, for Appellant.

Timothy L. Fields, Wade L. Woodard, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for Appellees.

## OPINION

ALARID, Judge.

{1} This case presents an issue of first impression: whether a wheelchair-accessible van is an "artificial member" within the meaning of our workers' compensation statutes. In the present case, the workers' compensation judge (WCJ) determined that such a van is not an artificial member. For the reasons that follow, we affirm.

### BACKGROUND

{2} Worker was injured in 1982 in a work-related automobile accident that left Worker paralyzed in both legs and both arms. Employer furnished Worker with a modified van. In August 1998, Worker filed a workers' compensation complaint alleging that she was "in need of a new vehicle to transport her to and from places as her old vehicle [was] breaking down." Employer answered, denying any responsibility for providing a replacement vehicle. Employer moved for summary judgment, arguing that a specially-equipped van was not a "medical expense." Worker filed a response and counter motion for summary judgment, pointing out that she was not seeking the van as a medical expense, but rather, as an "artificial member" under NMSA 1978, § 52–1–49(C) (1937; as amended through 1977). The parties subsequently stipulated that the WCJ should treat the pending cross-motions for summary judgment as a motion for judgment on the pleadings. In a February 23, 1999 order, the WCJ ruled that a van modified to accept Worker's wheelchair was not an artificial member. The WCJ ruled that the Employer's responsibility is "limited to the modification of the van to make the van useable by the injured Worker." Worker appeals.

### DISCUSSION

{3} New Mexico enacted its first workers' compensation law in 1917. *See* 1917 N.M.Laws, ch. 83. In 1937, the Legislature added the following provision to the Workmen's Compensation Act:

> In all cases where the injury is such as to permit the use of artificial members (including teeth and eyes) the employer shall furnish such artificial members.

1937 N.M.Laws, ch. 92, § 10. This provision has been retained throughout subsequent revisions of the Act.

{4} The parties agree that this case is governed by the law in effect at the time of Worker's injury. Except for the substitution in the current version of "shall pay for" for "shall furnish," the two versions are identical. *Compare* NMSA 1978, § 52–1–49(H) (1990) *with* NMSA 1978, § 52–1–49(C) (1977). Because we are deciding the present case under the law in effect in 1982, we have liberally construed the Workers' Compensation Act in favor of Worker, as required by law in effect at the time of Worker's injury. *See Kloer v. Municipality of Las Vegas,* 106 N.M. 594, 596, 746 P.2d 1126, 1128 (Ct.App.1987). *But see Herrera v. Quality Imports,* 1999–NMCA–140, ¶ 9, 128 N.M. 300, 992 P.2d 313 (pursuant to NMSA 1978, § 52–5–1 (1991) Workers' Compensation Act is not to be con-

strued liberally in favor of either Worker or Employer).

{5} Worker argues that "[a]n injured worker who has lost the use of his or her legs should be provided with an 'artificial member' to replace the loss of function of the worker's arms and legs, to the extent our technology allows us to create a replacement or substitute." Worker cites to workers' compensation cases from other jurisdictions in which courts have upheld the award of a specially-equipped vehicle to an injured worker. *See, e.g., Terry Grantham Co. v. Indus. Comm'n,* 154 Ariz. 180, 741 P.2d 313 (Ct.App.1987) (holding that specially-equipped van constitutes "other apparatus" for purposes of workers' compensation benefits). However, in our view, these cases are distinguishable in that the statutes in question in these cases from other jurisdictions were written in broader terms than our statute. For example, the Arizona statute at issue in *Grantham,* Ariz.Rev.Stat. § 23–1062(A), provided that "every injured employee shall receive medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability." Similarly, in *Wilmers v. Gateway Transp. Co.,* 227 Mich.App. 339, 575 N.W.2d 796 (1998), the relevant statute, Mich.Comp.Laws § 418.315(1), provided that "[t]he employer shall also supply to the injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus, and other appliances necessary to cure, so far as reasonably possible, and relieve from the effects of the injury." *Brawn v. Gloria's Country Inn,* 698 A.2d 1067 (Me.1997) involved a statute, Me.Rev.Stat.Ann. tit. 39–A, § 206(8), that extended benefits to "other physical aids made necessary by the injury."

{6} In our view, our Legislature's reference to teeth and eyes suggests that the Legislature intended "artificial member" to refer to prosthetic devices that are attached to, or used in immediate proximity to, the injured worker's body. We believe that it would distort the words employed by the Legislature to construe "artificial member" to include the entire cost of a wheelchair-accessible vehicle. We therefore hold, as a matter of law, that the term "artificial member," as used in the Workers' Compensation Act, does not include the entire cost of the wheelchair-accessible van as claimed by Worker. Accordingly, we affirm the order of the Workers' Compensation Administration.

{7} **IT IS SO ORDERED.**