782 P.2d 391

**Martha LOVATO, Claimant–Appellant,**

v.

**MAXIM'S BEAUTY SALON, INC. and Fireman's Fund Insurance Company, Respondents–Appellees.**

**No. 11285.**

Court of Appeals of New Mexico.

Oct. 10, 1989.

Narciso Garcia, Jr., Garcia Law Firm, Albuquerque, N.M. for claimant-appellant.

H. Kevin Haight, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, N.M., for respondents-appellees.

## OPINION

APODACA, Judge.

Claimant Martha Lovato (claimant) appeals the denial of her claim for benefits under the Workers' Compensation Act, NMSA 1978, Sections 52-1-1 to -68 (Cum. Supp.1986) (Interim Act). The hearing officer concluded that her claim was barred by the going and coming rule and that her injury did not occur on the premises of her employer as the term was defined in *Dupper v. Liberty Mutual Insurance Co.*, 105 N.M. 503, 734 P.2d 743 (1987). We disagree with the hearing officer's determination and hold that the claim falls within an exception to the going and coming rule. We thus remand for the entry of findings and conclusions on the merits of claimant's claim.

Claimant was employed by Maxim's Beauty Salon, Inc. (Maxim's), a national chain of beauty salons that leases space in department stores. She worked in the salon located on the lower level of the Montgomery Ward department store (Montgomery Ward), an anchor store that occupies a part of a large shopping mall. Maxim's employees were instructed to park in the parking lot immediately east of Montgomery Ward and to walk through the store to get to the salon.

On the day of the accident, claimant parked in the designated location and walked into the shopping mall. Although claimant's brief-in-chief states that after parking, claimant "walked into the Montgomery Wards Store to go to work," Maxim's takes issue with this rendition of the facts. Instead, Maxim's maintains, claimant, having parked in the designated area, entered the mall not through Montgomery Ward but through another separate public and common entrance.

Once inside the mall, Maxim's contends, claimant met a coworker and they stopped at a mall restaurant for coffee. Afterwards, they walked through the mall and then entered Montgomery Ward through the inside mall entrance. Because of the basis for our disposition of this appeal, we believe that it makes no difference whether claimant entered Montgomery Ward immediately after parking her car, or whether the facts are as related by Maxim's in its answer brief. In the store, she slipped, fell and was injured. From claimant's deposition testimony, we understand that she was in a portion of the store in which she would have been had she gone directly to work and that she slipped on a heavily waxed floor. As a result, she received workers' compensation benefits from Maxim's for a temporary period.

The going and coming rule is codified at Section 52-1-19. That statute provides that the term " 'injury by accident arising out of and in the course of employment' " does not include injuries to a worker "while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence."

In *Dupper*, our supreme court adopted the premises rule as an exception to the going and coming rule. The court held that "a workman, while on the employer's premises coming to or going from the actual workplace is in a place where the employee is reasonably expected to be, and * * * is engaged in a necessary incident of

employment." *Id.* at 506, 734 P.2d at 746. *Dupper* also held that "[t]he need to prove negligence arises under Section 52–1–19 if, and only if, the employee's injury is sustained while going to or coming from work, *and* the injury does not fall within the premises rule or any of the generally recognized exceptions to the 'going-and-coming' rule." *Id.* at 506–7, 734 P.2d at 746–7 (emphasis in original).

The hearing officer found that: (1) claimant's accident occurred before she had reached the premises of her work place and before she had assumed her employment duties; (2) the accident did not occur within the course and scope of her employment; and (3) the accident did not happen on Maxim's premises. He then concluded that the claim was barred under the going and coming rule and that the accident did not occur on Maxim's premises within the meaning of *Dupper.*

Claimant raises two issues on appeal: (1) whether her claim was barred under the going and coming rule; and (2) whether this court, on review, can make its own findings as a basis for entering judgment for claimant.

█ For purposes of the rule adopted in *Dupper,* "premises" includes "parking lots intended for employees or customers, whether 'within the main company premises or separated from it.'" *Id.* at 506, 734 P.2d at 746 (*quoting* 1 A. Larson, *The Law of Workmen's Compensation* § 15.42(a) at 4–98 (1985)). This is the rule in the majority of jurisdictions and is not limited to parking lots owned, controlled, or maintained by the employer. 1 A. Larson, *The Law of Workmen's Compensation* § 15.42(a) (1989). "The doctrine has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used, by the employees of this employer." *Id.* at 4–98 to –99 (footnotes omitted).

Parking lots in shopping malls have been held to be part of the premises of employers whose main premises are located within the mall. *See, e.g., De Hoyos v. Industrial Comm'n,* 26 Ill.2d 110, 185 N.E.2d 885 (1962) (whether employer owns parking lot immaterial so long as employer has provided the parking lot for its employees), *holding limited by Caterpillar Tractor Co. v. Industrial Comm'n,* 129 Ill.2d 52, 133 Ill. Dec. 454, 541 N.E.2d 665 (1989); *May Dep't Stores Co. v. Harryman,* 307 Md. 692, 517 A.2d 71 (1986) (shopping mall parking lot constituted "premises" and injuries sustained on parking lot by employee of store in mall covered by workers' compensation); *Berry v. B. Gertz, Inc.,* 21 A.D.2d 708, 249 N.Y.S.2d 285 (1964) (injury suffered by employee of department store located in shopping center in parking area intended for shopping center employees as well as customers arose out of and in course of employment although parking area was not owned, controlled or maintained by employer); *Frishkorn v. Flowers,* 26 Ohio App.2d 165, 270 N.E.2d 366 (1971) (injury occurring in parking lot was covered by workmen's compensation where employer was located in shopping center that had control over parking area for entire center).

Maxim's concedes that if claimant's injury had taken place in the parking lot itself, the accident would be deemed to have occurred on the premises and thus come under the *Dupper* exception. The question presented to us in this appeal, however, is whether the claim was barred simply because the accident occurred *after* claimant had left the parking lot but *before* she had arrived at Maxim's. More precisely, is there an exception to the going and coming rule that applies to the facts of this appeal? We believe that there is.

A well-recognized exception to the going and coming rule is travel between two parts of an employer's premises. *See* Larson, *supra,* § 15.14(a). Because a parking lot is generally treated as part of the premises, most courts hold that an injury occurring in a public street or other off-premises location between the place of business and the parking lot is on a necessary route between the two portions of the premises and thus is in the course of employment. *Id.,* § 15.14(b). *See id.,* § 15.21 (criticizing any distinction between public and private property in this situation as irrelevant in

workers' compensation cases). *See also Adair v. Metropolitan Bldg. Co.*, 38 Mich. App. 393, 196 N.W.2d 335 (1972) (employee who, while walking to parking lot maintained by employer, slipped and fell in driveway that was not owned by employer, was within "zone, environments and hazards" of employee's labor at time of fall so as to be considered on premises for workers' compensation purposes).

We agree with the observation made in *Harryman.* In that case, the Maryland court stated that "it would be unreasonable to hold that injuries sustained by [the worker] on the parking lot or between the building entrance and the time clock would be compensable, but injuries sustained between the parking lot and the building entrance would not be compensable." *Id.* at 695–6, 517 A.2d at 73 (*quoting Proctor–Silex v. Debrick*, 253 Md. 477, 489, 252 A.2d 800, 807 (1969)). We thus hold that claimant's right to compensation was not barred by Section 52–1–19.

Maxim's nonetheless argues that Section 52–1–19 requires an injured employee to prove the employer's negligence for an injury sustained while the employee is on the way to or from work, but off the employer's premises. Under *Dupper*, however, negligence need be shown only if the injury does not fall within one of the generally recognized exceptions to the going and coming rule. Because we hold that claimant's injury does fall within such an exception, proof of such negligence is not required.

Maxim's further contends that, in relying on several cases cited in her brief-in-chief, claimant has attempted to come under the special hazards exception to the going and coming rule. *See* Larson, *supra* § 15.13 *et seq.* A special hazard arises when the employer subjects the employee to a particular risk beyond those risks shared by the general public. *Id.,* § 15.13. We have not viewed claimant's argument on appeal as relying solely on the special hazards exception. Neither does our disposition depend on such exception. Instead, we have based our holding on another, distinct exception, that of an employee traveling between two parts of an employer's premises. We believe that our holding in this appeal is but a reasonable extension of the *exceptions principle* enunciated in *Dupper* to facts not present there.

■ Under her second issue, claimant contends we can determine independently that the evidence established she was totally disabled. Claimant relies on *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988) for the principle that we, as a reviewing court, can make independent findings. Maxim's likewise maintains on appeal that this court, under SCRA 1986, 12–201(C), can affirm the hearing officer's decision for reasons other than that the claim was barred by the going and coming rule. *See also Frederick v. Younger Van Lines*, 74 N.M. 320, 393 P.2d 438 (1964). Apparently, Maxim's argues, as does claimant, that we can independently determine the merits of claimant's claims, even though the hearing officer, based on his holding that the claim was barred, found it unnecessary to enter findings and conclusions on the merits. Specifically, Maxim's asserts the evidence supports a conclusion that claimant failed to prove causation under the Interim Act.

In *Tallman*, we spoke of independent findings in conjunction with the question of substantial evidence and the whole record standard of review. Here, we are not presented with a substantial evidence question, since the hearing officer did not enter findings and conclusions on claimant's disability. We believe the hearing officer should be given the opportunity to enter such findings and conclusions and that, as a reviewing court, we should not usurp this function. Neither do we interpret Rule 12–201(C) to permit us to affirm under such circumstances. We therefore remand for entry of such findings. *See* SCRA 1986, 1–052; *Hickey v. Griggs*, 106 N.M. 27, 738 P.2d 899 (1987).

In summary, we reverse the hearing officer's determination that the claim was barred by the going and coming rule. We remand for entry of findings and conclu-

sions on the merits of claimant's disability. Claimant is awarded appeal costs.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.