810 P.2d 1258

**Constance J. CONSTANTINEAU,
Claimant–Appellant,**

v.

**FIRST NATIONAL BANK IN ALBU-
QUERQUE and Federal Insurance
Company, Respondents–Appellees.**

No. 11730.

Court of Appeals of New Mexico.

April 16, 1991.

Certoriari Denied May 15, 1991.

Paul S. Wainwright, Lisa E. Jones, Robinson & Wainwright, P.A., Albuquerque, for claimant-appellant.

Stephen J. Rhoades, Sorenson & Schutte, P.C., Albuquerque, for respondents-appellees.

## OPINION

STEVE HERRERA, District Judge.

Claimant Constance J. Constantineau (claimant) appeals from a determination of the workers' compensation judge denying her claim for workers' compensation benefits. The date of the injury was June 23, 1988, and is therefore a claim under the "New Act," NMSA 1978, Section 52–1–70 (Repl.Pamp.1987). The workers' compensation judge determined that claimant did not suffer an accidental injury arising out of and in the course of her employment pursuant to the "going-and-coming rule" limitations contained in NMSA 1978, Section 52–1–19 (Repl.Pamp.1987). The material facts are not in dispute. We affirm.

Claimant was employed by First National Bank in Albuquerque (employer). On June 23, 1988, claimant parked her personal vehicle in her parking space in the Civic Center parking facility. She walked through the underground tunnel into the First Plaza building. She walked into the Galeria and tripped over a protruding portion of the wood floor, injuring her left shoulder. She worked on the fourth floor of the First Plaza building.

On appeal claimant argues that since she was injured on a necessary route between two portions of her employer's premises, the claim falls within the exception to the "going-and-coming rule" enunciated by the supreme court in *Dupper v. Liberty Mutual Insurance Co.*, 105 N.M. 503, 734 P.2d 743 (1987), and as extended by this court in *Lovato v. Maxim's Beauty Salon, Inc.*, 109 N.M. 138, 782 P.2d 391 (Ct.App.1989).

Section 52–1–19 provides:

As used in the Workers' Compensation Act [Chapter 52, Article 1 NMSA 1978], unless the context otherwise requires, "injury by accident arising out of and in the course of employment" shall include accidental injuries to workers and death resulting from accidental injury as a result of their employment and while at work in any place where their employer's business requires their presence *but shall not include injuries to any worker occurring while on his way to assume the duties of his employment* or after leaving such duties, the proximate cause of which is not the employer's negligence. [Emphasis added.]

In *Dupper* the worker had completed her shift, signed out for the day, and was on her way to the employee parking lot when she tripped over a "pop-up" sprinkler head that had failed to retract after use. The court stated: "We hold that a workman, while on the employer's premises coming to or going from the actual workplace is in a place where the employee is reasonably expected to be, and that he is engaged in a necessary incident of employment." *Id.,* 105 N.M. at 506, 734 P.2d at 746.

This court found that a logical extension of the *Dupper* analysis would include injuries sustained by an employee walking through a store from her assigned parking lot to her work station. *Lovato v. Maxim's Beauty Salon, Inc.*

On appeal claimant argues that under *Lovato* an injury sustained while traveling from a parking lot to the employer's place of work is compensable without regard to whether the parking lot is intended for the employee's use. Claimant's argument ignores the plain language of *Dupper,* which requires some showing that the parking lot was intended for the use of the employees.

■ In this case, claimant parked her vehicle in a parking lot in the Civic Center parking facility. The parking facility was owned by the City of Albuquerque. Claimant's employer had an option to designate up to one hundred parking spaces of the total of three hundred for its use. Employer had exercised its option to use only sixty-three of those spaces and the remaining thirty-seven were therefore returned to the First Plaza's owners' management company for distribution to others. The sublease for the parking space was between claimant and the building manager. The Civic Center parking lot was the choice of claimant and *not* assigned to her by employer. Employer did not require its employees to use the Civic Center parking lot and some employees in fact did use other parking facilities. The facts of this case differ substantially from those in *Dupper* and *Lovato.*

Employer raises four reasons why the appeal should be denied: (1) claimant waived the issue raised on appeal; (2) when "neutrally interpreting" the New Act, the *Dupper* exception is no longer good law; (3) mere employee use of a parking lot does not make it part of employer's premises under *Dupper;* and (4) claimant's failure to request findings of fact and conclusions of law concerning her disability and medical benefits renders remand inappropriate even if this court reverses. Because we affirm the workers' compensation judge's decision on the third ground, a discussion of the other issues is not necessary.

■ Assuming that *Dupper* is still good law under the New Act, the facts in this case, however, are distinguishable from the facts in *Dupper* and we hold, therefore, that mere employee "use" of a parking lot is insufficient to consider the lot part of the employer's "premises." In *Dupper* the employee was on the employer's premises at the time of the accident.

In this case, the parking lot was not owned by employer, exclusively used by

claimant, or assigned by employer to claimant.

◼ Finally, claimant, in her docketing statement and at trial below, argued that the Galeria was part of employer's "premises" and therefore the accident occurred within the course and scope of her employment. However, in her brief-in-chief, claimant argued only that the injury occurred on a necessary route between two portions of her employer's premises. We agree with employer that claimant has waived the issue of whether the place she fell in the Galeria level is on employer's premises, because she has not briefed the issue on appeal.

The determination of the workers' compensation judge is affirmed.

IT IS SO ORDERED.

HARTZ, J., concurs.

CHAVEZ, J., dissents.

CHAVEZ, Judge (dissenting).

I respectfully dissent. The logical extension of the majority's reasoning will lead to results not in accord with *Dupper v. Liberty Mut. Ins. Co.*, 105 N.M. 503, 734 P.2d 743 (1987) when applied to many fact situations. Take, for instance, an employee walking from her assigned parking spot to an employer's premises. After she walks into the Galeria, her co-worker, who parked right next to the employee but in an unassigned spot where the employer's various workers park every day, catches up with the first employee and walks alongside her. They both trip on the same protruding floor board, and both injure themselves. The majority would compensate the one employee but not the other.

The majority's reading of the facts in *Dupper* and *Lovato v. Maxim's Beauty Salon, Inc.*, 109 N.M. 138, 782 P.2d 391 (Ct.App.1989), is accurate. In both cases, the place where the worker in question had parked was a place controlled by the employer or assigned to the worker. However, the majority's analysis raises the importance of the control over, or assignment of, the parking space beyond that expressed in the precedents, and leads to the unpalatable result I set out above. In *Dupper* and *Lovato*, the nature of the parking spots was unimportant.

The important fact in *Dupper* was that the worker was going to the parking lot when she tripped over a lawn sprinkler head, apparently while still on the employer's premises. The supreme court stated, "We hold that a work[er], *while on the employer's premises* coming to or going from the actual workplace is in a place where the [worker] is reasonably expected to be, and that [the worker] is engaged in a necessary incident of employment." *Dupper v. Liberty Mut. Ins. Co.*, 105 N.M. at 506, 734 P.2d at 746 (emphasis added). Nonetheless, worker does not benefit from this holding. The majority correctly notes that worker waived the issue of whether the actual location of her accident was on employer's premises. I comment on the majority's reading of *Dupper* only because it will lead to unjust results.

However, worker did not waive the argument of whether she comes within the parking lot rule of the premises exception. The important fact in *Lovato* was that the worker was on a customary ingress that was between the employer's parking lot and the workplace when the worker slipped and fell. *Lovato v. Maxim's Beauty Salon, Inc.*, 109 N.M. at 140–41, 782 P.2d at 393–94. We refused to reason that the worker would receive compensation if injured in the parking lot or the premises, but not in between. *Id.* There is nothing in these cases, or the workers' compensation statutes, that require ownership or control over the parking lot in question. In fact, we stated that the premises exception to the coming and going rule " 'has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used, by the employees of this employer.' " *Id.*, at 140, 782 P.2d at 393, *quoting* 1 A. Larson, *The Law of Workmen's Compensation* § 15.42(a), p. 4–118 (1990) (present edition).

The following cases involve facts strikingly similar to those in this case. In *Liv-

*ingstone v. Abraham & Straus, Inc.*, 216 N.J.Super. 685, 524 A.2d 876 (App.Div. 1987), *aff'd*, 111 N.J. 89, 543 A.2d 45 (1988), the worker parked in a remote area at the direction of the employer, but the employer did not control or own the area. In *Sloss v. Case Western Reserve Univ.*, 23 Ohio App.3d 46, 491 N.E.2d 339 (1985), the worker paid for and parked in a spot available to her through her employment, but the employer had no control over this spot. In *Brooks v. New York Tel. Co.*, 87 A.D.2d 701, 448 N.Y.S.2d 859 (1982), the worker parked at an unassigned spot within a parking area the employer did not own or maintain. In *Cox v. Quality Car Wash*, 449 A.2d 231 (Del.1982), the worker parked in an unauthorized area outside the area which the employer provided for its workers, but this was a regular practice of many workers. In each of the foregoing cases, the court held that the worker's accident between the parking area and the actual workplace was within the respective employer's premises for the purposes of the coming and going rule. Each case is in accord with *Lovato*, but contrary to the majority's reasoning and result. I would choose to follow these cases.

There is no dispute in this case that worker rented one of the 100 parking spots for the use of workers and customers. There is no dispute that worker and many of her co-workers regularly parked in those 100 spots. Her act of parking in that area was a risk of every day work beyond the risk to the occasional customer parking in one of the spots. The parking spots were part of employer's premises as we have defined premises in *Lovato*. Because I cannot countenance denying worker compensation because she did not rate an assigned parking spot, I would reverse. *See Lovato v. Maxim's Beauty Salon, Inc.*