This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38374**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ANDRIA NIETO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant, Andria Nieto, appeals from the district court's order revoking her probation. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have duly considered Defendant's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**BACKGROUND**

**{2}** We briefly restate the relevant facts as follows. In February of 2019, Defendant entered a guilty plea to criminal charges and was put on probation. In addition to the standard conditions of probation, Defendant was subject to a special probation condition requiring that she not enter onto any prison grounds. [RP 57, 62-63] On April 23, 2019, the State filed a motion to revoke Defendant's probation, in which it alleged that Defendant had violated this condition of probation by attempting to bring Suboxone, a controlled substance, to an inmate incarcerated in the correctional facility in Hobbs. [RP 67-70]

**{3}** The State presented two witnesses at the revocation hearing, Officer David Ibarra, of the Lea County Drug Task Force, and Probation Officer Jessica Schlender. [unnumbered DS 2-3; RP 78] Officer Ibarra testified that he was dispatched to the prison in reference to a narcotic investigation, and, when he arrived, he saw Defendant driving out of the prison parking lot. [unnumbered DS 2] Officer Ibarra then made contact inside the prison with Defendant's friend, Briana Romero-Quintana, and prison officials informed Officer Ibarra that Ms. Romero-Quintana and Defendant were suspected of trying to bring contraband into the prison. [RP 75] While Officer Ibarra was interviewing Ms. Romero-Quintana, Defendant arrived again at the prison parking lot. Officer Ibarra then made contact with Defendant and gave her the *Miranda* warnings. [RP 75] Defendant waived her *Miranda* rights and told Officer Ibarra that she had given Ms. Romero-Quintana a ride to the prison so that Ms. Romero-Quintana could visit her boyfriend. [RP 75]

**{4}** While Officer Ibarra was interviewing Defendant, Ms. Romero-Quintana surrendered several packages of Suboxone strips to another officer. Officer Ibarra then questioned Ms. Romero-Quintana who stated that Defendant had obtained the Suboxone from a residence in Roswell and had packaged the Suboxone in her vehicle before handing them to Ms. Romero-Quintana. [RP 75-76] Ms. Romero-Quintana also stated that Defendant instructed her to conceal the Suboxone on her person and deliver it to an inmate. [RP 76] Defendant's probation officer also testified to Defendant's conditions of probation including that Defendant was not to set foot on prison grounds. [unnumbered DS 3] Officer Ibarra also testified that he believed that the GEO group owned the parking lot and the prison facility. [MIO 5]

**{5}** In her memorandum in opposition, Defendant argues that the State failed to present sufficient evidence that the prison parking lot constituted "prison grounds" and therefore failed to prove that Defendant's presence in the prison parking lot was a violation of her probation. Defendant contends that the State was required to present evidence of signs in the parking lot identifying it as a part of the prison, evidence of legal ownership of the parking lot, or blueprints of the prison. [MIO 7]. We believe, however, that the district court could properly conclude that the prison parking lot was included within the prison grounds based on the evidence that the parking lot was designated for use by the prison facility. *See Lovato v. Maxim's Beauty Salon, Inc.*, 1989-NMCA-083, ¶ 9, 109 N.M. 138, 782 P.2d 391 (recognizing that a parking lot is generally treated as part of the premises).

**{6}** For these reasons and those stated in our notice of proposed summary disposition, we affirm the district court's revocation of Defendant's probation.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**